MICHAEL GORMLEY

v.

JOHN L. DAY.

*Filed at Ottawa May 15, 1885.*

1. MANDAMUS—*whether it will be awarded—where the ground of action has ceased to exist.* A court will not award a peremptory writ of *mandamus* when the right sought to be enforced is or has become a mere abstract right, the enforcement of which, by reason of some change of circumstances since the commencement of the suit, can be of no substantial or practical benefit to the petitioner.

2. So where an ordinance of a village vacating a street was repealed before it went into effect, but after the filing of a petition for a *madamus* to compel the village clerk to post copies of the same or give the relator copies thereof, the court will not award the writ, as to do so would subserve no beneficial purpose.

3. SAME—*whether action is premature.* Where a village clerk, by the charter of the village, is given thirty days after the passage of all ordinances within which to post up copies thereof, a proceeding by *mandamus*, commenced before the expiration of that time, to compel him to post an ordinance, must fail, the clerk not being in default when the suit was brought.

4. SAME—*of the petition.* And in such case, if the relator desires to rely on a standing resolution of the village council requiring the clerk to post notices and ordinances within five days after their passage, unless otherwise directed, he should set it up in his petition, and by proper averments negative the fact of his having been otherwise directed. A party can not make one case by his pleading and a different one by his proof, and recover.

5. ORDINANCE—*when it vests rights—right to repeal.* Where a village charter provides that ordinances shall not take effect until ten days after three copies thereof shall have been posted by the clerk, and that such posting shall be within thirty days after their adoption, no rights can be acquired under an ordinance vacating certain streets until such posting has taken place, and until ten days thereafter; and until this takes place, the ordinance may be repealed without depriving any one of any vested right.

6. JUDICIAL NOTICE—*of charter of village.* The courts will take judicial notice of the provisions of a special charter of a village in this State, when such charter is declared to be a public act.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. MORTON CULVER, for the plaintiff in error:

Section 6, article 4, of the village charter, gives the council power to vacate streets. See, also, Rev. Stat. 1874, chap. 145, sec. 1, and chap. 109, sec. 9.

The better rule is to require the clerk to perform his duty by posting an ordinance when passed, and if repealed, to post that also, leaving the courts to decide whether the repeal is valid. Dillon on Mun. Corp. (3d ed.) sec. 327.

So far as the clerk was concerned, it was his duty to the council to post the ordinance within five days after its passage. It was a rule of the council in prescribing the duties of the clerk. Dillon on Mun. Corp. (3d ed.) secs. 866, 867; *Chicago* v. *Sansum,* 87 Ill. 182; *Matthewson* v. *Cook County,* id. 590.

In order to put the ordinance in force it was necessary that it be posted as required by the charter. *Elizabethtown* v. *Lefler,* 23 Ill. 90; *Railroad Co.* v. *Engle,* 76 id. 317; *Barnett* v. *Newark,* 28 id. 62; Dillon on Mun. Corp. sec. 331.

It is probably true that the council might reconsider the ordinance, provided the rights of a third party had not intervened or vested or attached. Dillon on Mun. Corp. sec. 290; *State* v. *Hoyt,* 2 Ore. 246; *People* v. *Rochester,* 5 Lans. 11; *Red* v. *Augusta,* 25 Ga. 386; *State* v. *Foster,* 2 Halst. 101; *Bigelow* v. *Hillman,* 37 Maine, 52; *Reiff* v. *Conner,* 10 Ark. 241; *Stoddard* v. *Gilman,* 22 Vt. 568; *New Orleans* v. *Wardens,* 11 La. 244; *State* v. *Miller,* 31 N. J. L. 521; *State* v. *Jersey City,* 27 id. 536; *Pond* v. *Negus,* 3 Mass. 230; *People* v. *Board of Supervisors,* 47 Ill. 256.

Gormley not having sold or incumbered the streets, upon the passage of the ordinance the fee to the lands in the streets reverted to him. *St. John* v. *Quitzow,* 72 Ill. 334.

At the first special meeting at which it was attempted, the councilmen were not notified as required by the by-laws of the council, and all acts were therefore void. Dillon on Mun. Corp. secs. 262-269.

The second special meeting was held after the beginning of this suit. At the first special meeting there were ayes 4, (including the president,) nays 1, and at the second special meeting there were ayes 3, nays 1, (the president not voting.) The council consists of five councilmen and one president.

The president is not an integral part of the council. Dillon on Mun. Corp. secs. 271, 272, 274.

The president has only a casting vote in case of a tie. See section 12, of article 2, of charter.

Under the statute already cited, it required the affirmative votes of at least four councilmen to vacate a street.

Messrs. McCoy, Pope & McCoy, for the defendant in error:

The party applying for a *mandamus* must show a clear legal right to have the thing sought by it done, and the thing sought to be coerced must be effectual as a remedy. *People* v. *Hatch*, 33 Ill. 9; *People* v. *Dubois*, id. 140; *People* v. *Forquer*, Breese, 104; *Commissioners* v. *People*, 66 Ill. 339; *People* v. *Village of Crotty*, 93 id. 187.

*Mandamus* will not lie when no benefit can accrue to the relator, nor will the writ command the performance of an official act or duty in advance of the time when it is actually required by law. High on Extraordinary Legal Remedies, secs. 10, 33, 96.

The ordinance of January 3, 1882, has not been posted, and it is conceded it has no effect till posted. Charter, article 7, sec. 3; *Newlon* v. *President*, 14 Ill. 364; *Elizabethtown* v. *Lefler*, 23 id. 90; *Railroad Co.* v. *Engle*, 76 id. 317; *Barnett* v. *Newark*, 28 id. 62; *Schott* v. *People*, 89 id. 195; Dillon on Mun. Corp. (3d ed.) sec. 331.

Moreover, till posted ten days, by its own terms such ordinance was not to go into effect.

Any right that Gormley may have had was but inchoate, at best, till after the posting of the ordinance of January 3, 1882.

An ordinance, it is well settled, has the effect of a statute. Dillon on Mun. Corp. (3d ed.) sec. 308.

By the repeal of a statute or ordinance before it is executed, and before any vested rights are acquired, the rights it gives fall with it, unless expressly saved.   *Butler* v. *Palmer*, 1 Hill, 324; *Ray* v. *Goodwin*, 4 M. & P. 341; *Van Inwagen* v. *City*, 61 Ill. 34; *Wilson* v. *Railway Co.* 64 id. 542; Dwarris on Statutes, 676.

By the plat the title to the streets was vested in the village in trust for the use of the public.   The action by the council was void as a breach of trust, and such attempted action could have been enjoined.   *City of Alton* v. *Transportation Co.* 12 Ill. 38; *Carter* v. *Chicago*, 57 id. 283; *Jacksonville* v. *Railroad Co.* 67 id. 540; *Jackson* v. *Norris*, 72 id. 364; *Quincy* v. *Jones*, 76 id. 231; *Kreigh* v. *Chicago*, 86 id. 407.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was a petition for a *mandamus,* brought by Michael Gormley, in the Superior Court of Cook county, against John L. Day, as clerk of the village of Glencoe, to compel him to post copies of an ordinance passed by said village on the third day of January, 1882, vacating certain streets and parts of streets in Gormley's addition to said village, and also to compel the said Day to give to petitioner a certified copy of said ordinance.   Upon the hearing, the Superior Court refused the writ, and entered an order dismissing the petition, which was affirmed by the Appellate Court, whence the case is brought to this court.

The record shows that the lands or lots abutting on the streets and parts of streets embraced in the ordinance in question, including the streets and parts of streets themselves, formerly belonged to the petitioner, but that previous to the date of the ordinance he had conveyed the abutting property to others, who were chiefly interested in keeping

the streets open. The evidence also tends to show that the adoption of the ordinance was secured mainly through representations made by Gormley, which led the village council to suppose that he alone was interested in the abutting property, whereas, in truth, it belonged to one Clark, who would have been seriously damaged by the action of the council if the ordinance had been carried into effect.

Gormley seems to have proceeded upon the theory that as he had never disposed of the land occupied by the streets, upon the adoption of the ordinance vacating them he would at once have the right to appropriate it to his own use, however seriously it might injure the abutting owner. Be this as it may, it is clear the village council, shortly after passing the ordinance, became dissatisfied with its action, and thereupon called a special meeting of the council, to be holden on the 12th of the same month, for the purpose of reconsidering what had been done, at which meeting a resolution was adopted repealing the ordinance in question. Some doubt having been raised as to the sufficiency of the repealing resolution, or rather as to the regularity of the meeting and vote by which it was adopted, another meeting of the council was called on the 24th of the same month, when an additional repealing resolution was adopted, of the validity of which there can be no reasonable doubt. Such being the case, it is unnecessary to inquire whether the resolution of the 12th of January was valid or not, for as the ordinance was clearly repealed before the *mandamus* proceeding was brought to a hearing, it is just as fatal to the right of the petitioner as if the repealing resolution had been adopted before such proceeding was commenced. It is a well recognized principle that courts, in exercising their jurisdiction in *mandamus*, will not award the peremptory writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which, by reason of some change of circumstances since the commencement of the suit, can be of no substan-

tial or practical benefit to the petitioner. *Ray* v. *Goodwin,* 4 M. & P. 341; *The People* v. *Chicago and Alton Railroad Co.* 55 Ill. 95; *The People* v. *Cline,* 63 id. 394; *Cristman* v. *Peck,* 90 id. 150; *The People* v. *Lieb,* 85 id. 484; *The People* v. *Trustees of Schools,* 86 id. 613.

It is clear, that inasmuch as the ordinance was repealed before it went into effect, the posting or delivering of copies of it after its repeal would be an idle and fruitless ceremony of no possible benefit to the relator, something which the law never requires to be done.

Counsel for the relator seems to have proceeded upon the theory that upon the affirmative vote of the council adopting the ordinance, the relator thereby acquired certain vested interests in the streets sought to be vacated which he did not enjoy before in common with the public. This is an entire misapprehension. For the purposes of the argument it may be conceded if the ordinance had gone into effect before its repeal he would have acquired special rights under it, but as it did not, his rights remained precisely the same as if the vote of the council adopting it had never occurred. Before the so-called ordinance could have any legal effect, as such, two things, in addition to the affirmative vote adopting it, were necessary: First, printed or written copies of the ordinance had to be posted, within *thirty* days after its passage, in three of the most public places in the village; and second, the lapse of ten days after such posting. From its passage until the full period of ten days after posting had expired, it existed, so to speak, as an ordinance in embryo, merely. Until the final condition essential to give it effect as a law was performed, no rights, inchoate or otherwise, could arise under it, either to the relator or to any other person. See village charter, sec. 3,—Private acts, 1869.

The right of the village council to rescind or repeal the resolution adopting the ordinance, at any time before it took effect, is too clear to admit of discussion or doubt. The coun-

cil have exercised this right, and we have no disposition to interpose, even if we had the power to do so, which we clearly have not.

But outside of all these considerations, we are clearly of opinion the relator has wholly failed to make out a case against the respondent. By section 3 of the special charter under which the village of Glencoe is incorporated, just referred to, the clerk is given thirty days in which to post copies of ordinances, and this action was commenced on the 17th of January,—only fourteen days after the adoption of the ordinance. As the charter is declared a public act, we will take judicial notice of its provisions. It follows, therefore, the respondent was not in default at the time of the commencement of the suit, and hence the suit must fail. The only answer made to this position is, that there was a standing resolution of the village council requiring the clerk "to post notices and ordinances within five days of their passage, *unless otherwise directed.*" Waiving the question of the power of the council to change the time, as fixed by the charter, within which to post ordinances, it is sufficient to say that in order to overcome the presumption that the clerk performed his duty with respect to the posting of the ordinance, the relator should have set up this resolution in his petition, and by proper averments have negatived the hypothesis that the village council had in this particular instance otherwise directed. This he did not do. For aught that appears, the clerk may, in the language of the resolution, have been "otherwise directed," so far as this ordinance is concerned. Moreover, the petition on its face shows and charges that the "clerk is required to post three copies of all ordinances passed, *within thirty days after passage,*" while it contains no reference whatever to the resolution in question. This is but another instance of the many to be met with, of a party's making one case by his pleadings and another by his proofs. In such case the law does not permit a recovery.

In respect to the clerk's refusal to deliver a certified copy of the ordinance, we regard that as subordinate to his supposed rights under it, which we have already seen amounted to nothing, and under all the circumstances it does not appear that he wanted it for any proper purpose, but rather the contrary. Such being the case, this court, in the exercise of that legal discretion with which the law has clothed it in this class of cases, must withhold its assistance.

Finally, in any view to be taken of this case we have been unable to discover any merits in it.

The judgment will be affirmed.

*Judgment affirmed.*