THE STATE OF KANSAS, *ex rel.*, v. THE EXCELSIOR COKE AND GAS COMPANY.

No. 13,417.   (76 Pac. 447.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*Franchise Upheld.*   Under a statute forbidding a city to grant any franchise for a longer period than twenty years, an ordinance granting a franchise for twenty years from the date of its taking effect is not rendered invalid by the fact that it was passed several months before that date.

Original proceeding in *quo warranto*.   Opinion filed April 9, 1904.   Judgment for defendant.

*C. C. Coleman,* attorney-general, *Charles F. Spencer,* city attorney, and *W. C. Ralston,* for plaintiff in error.

*Rossington, Smith & Histed,* and *Eugene Hagan,* for defendant in error.

The opinion of the court was delivered by

MASON, J. : This is an original action brought in the name of the state to oust the Excelsior Coke and Gas Company from the exercise of a right, which it claims has been granted it by a city ordinance, to lay and maintain its gas-pipes in the streets of Topeka. The only question necessary to be considered is the validity of such ordinance. By a former ordinance, the validity of which is not challenged, passed June 7, 1869, a franchise was granted to the company for twenty-one years from that date. In 1881, in a revision of the statute relating to cities of the first class, it was enacted that "no franchise, rights of way, or privileges of any character whatever, shall be granted by the mayor or council for a longer period than twenty years." (Gen. Stat. 1901, § 727, subd. 23.) On July 16, 1889, Topeka then being a city of the first class, the mayor and council passed the ordinance now in question, granting the gas company the further right to the use of its streets for twenty years from June 7, 1890, the day following the expiration of the old franchise. The ordinance by its own terms, however, did not take effect until the last-named date.

The principal contention of the plaintiff is that the ordinance was void because it was, in effect, a granting of a privilege for a longer period than twenty years. It is argued that unless this position is well taken the statutory restriction can be completely nullified by the passage of two ordinances, one grant-

ing a privilege for the maximum statutory term and
the other granting the same privilege to the same
company for an additional time commencing at the
end of such period.   The fallacy of this argument lies
in the assumption that an ordinance has some force
and effect before the  time  set for it to go into opera-
tion.   The answer is that until that time arrives it
has no effect for any purpose.   It imposes no obliga-
tion on the city and cannot be made the basis of a
present contract.   At any time before it takes effect
the city may repeal it, notwithstanding that its terms
may have been accepted and expenditures may have
been made in reliance upon it.   This was expressly
held in *Gormley v. Day*, 114 Ill. 185, 190, 28 N. E.
693.   That case arose under a provision that the or-
dinances of a village should take effect ten days after
copies should have been posted in three public places.
An ordinance was passed under which the plaintiff
claimed to have acquired special rights, but before it
took effect it was repealed.   Of his claim that such
repeal was ineffective as to him the court said :

"For the purposes of the argument it may be con-
ceded if the ordinance had gone into effect before its
repeal he would have acquired special rights under
it ; but as it did not, his rights remained precisely
the same as if the vote of the council adopting it had
never occurred.   Before the so-called ordinance could
have any legal effect as such, two things, in addition
to the affirmative vote adopting it, were necessary :
First, printed or written copies of the ordinance had
to be posted within *thirty* days after its passage in
three of the most public places in the village ; and
second, the lapse of ten days after such posting.   From
its passage until the full period of ten days after post-
ing had expired, it existed, so to speak, as an ordi-
nance in embryo, merely.   Until the final condition
essential to give it effect as a law was performed, no

rights, inchoate or otherwise, could arise under it, either to the relator or to any óther person. . . . The right of the village council to rescind or repeal the resolution adopting the ordinance, at any time before it took effect, is too clear to admit of discussion or doubt. The council have exercised this right, and we have no disposition to interpose, even if we had the power to do so, which we clearly have not.''

It is true that the ordinance now under consideration provided that the gas company, in order to gain any rights under it, should file an acceptance within ten days after its approval by the mayor, and that from the filing of such acceptance it should operate as a contract between the city and the company. These provisions were limited, however, by the express restriction as to the time the ordinance should take effect. It was not, in legal contemplation, an ordinance taking effect at once and authorizing a contract to be made immediately covering a period of twenty years commencing at a future date, although its draftsman may have so regarded it. If it had been, it doubtless would have been subject to the objections urged by plaintiff. (*City of Somerset v. Smith*, 49 S.W. [Ky.] 456, and *Chillicothe v. Logan Nat'l Gas and Fuel Co.*, 8 Ohio N. P. 88.) Until the time fixed for the taking effect of the ordinance was reached, the company gained no contract right, and the city had full power to repeal it. But when that time arrived without the ordinance's having been repealed and without the acceptance's having been withdrawn, the situation was the same as though it had been passed, approved, published and accepted all on the same day, the 7th of June, 1890.

Another objection made to the ordinance is that it is against public policy to allow one council to forestall the action of future councils by granting a fran-

chise to commence at a time beyond its own life.   It is urged that such a policy would result in tying the hands of a council that might be elected with special reference to the regranting of a franchise about to expire.   This objection is met by what already has been said as to the right of the council to repeal the ordinance at any time before its becoming effective.

The prayer of the petition is denied and judgment is rendered for defendant for costs.

All the Justices concurring.