The People, ex rel. John Koelling, Appellee, v. John C. Cannon et al., Appellants.

### Gen. No. 15,196.

MANDAMUS—*when appeal from order granting, will not be determined upon merits.* Where by virtue of lapse of time the question at issue in a *mandamus* proceeding has become merely one of abstract right, the appeal will not be determined upon the merits, but a dismissal thereof will be entered.

*Mandamus.* Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge presiding. Heard in this court at the April term, 1908. Appeal dismissed. Opinion filed January 18, 1909.

FRANK D. AYERS and WALTER L. FISHER, for appellants.

LEVY MAYER and HARRY RUBENS, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from an order of the Circuit Court, granting a peremptory *mandamus.*

A petition was presented to that court March 12, 1908, as prescribed by the statute (Hurd's Statutes 1905, paragraph 428), praying a peremptory writ of *mandamus* to the Election Commissioners of the City

of Chicago, commanding them to submit to the electors of the city of Chicago, at the city election to be held on Tuesday, April 7, 1908, the following question, to be voted on by said electors: "Shall all places where liquor is sold, or given away, in this city, upon Sunday, be closed on said day." March 26, 1908, the court made an order granting the writ, from which order the Election Commissioners appealed to the Supreme Court, and that court, October 26, 1908, dismissed the appeal for want of jurisdiction, holding that the appeal should have been to this court, and transferred the transcript of the record to this court (People ex. rel. etc. v. Cannon et al., 236 Ill. 179), and the transcript was filed in this court October 31, 1908, which was more than six months after the day the election was held, and when the question should have been submitted to be voted on by the electors, if, under the statute, it is a proper question to be so submitted. The question presented by the appeal is, whether the question which the Election Commissioners are commanded, by the writ of *mandamus,* to submit to the voters, at the city election to be held April 7, 1908, is a proper question to be so submitted, under an act entitled "An act providing for an expression of opinion by electors on questions of public policy at general or special election," in force July 1, 1901.

It is manifest that any decision of this question now would have no practical effect. Were we to hold that the question was a proper one to be submitted to the electors at the April 1908 election, it would be of no effect since that election is among the things of the past; and if we were to hold that the question is an improper one to be so submitted, under the statute, the holding would be fruitless, because the commissioners refused to submit it. Briefly, the question is a dead one and may never be revived.

In Gormley v. Day, 114 Ill. 185, the court say: "It is a well-recognized principle that courts, in exercising their jurisdiction in mandamus, will not award

the peremptory writ where the right sought to be enforced has become a mere abstract right, the enforcement of which, by reason of some change of circumstances since the commencement of the suit, can be of no substantial or practical benefit to the petitioner," citing numerous cases.

In Mills v. Green, 159 U. S. 651, the court say: "The duty of this court, as of every other judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." See also, People v. Rose, 81 Ill. App. 387.

There are numerous cases to the same effect.

The appeal will be dismissed, neither party to recover costs.

*Appeal dismissed.*