**John H. Lyle, Appellee, v. Robert W. McKinlay et al., Appellants.**

**Gen. No. 28,631.**

1. FORMER ADJUDICATION—*when temporary injunction res judicata only as to matters involved in the proceeding.* A mandatory injunction issued on a taxpayer's bill without notice, requiring the election commissioners of Chicago to cause to be left off the printed ballots, to be used at a specified aldermanic election, the name of a person who had been a candidate but who, according to the allegations of the bill, had withdrawn his name in writing "prior to the time within which by law a candidate is allowed to withdraw his name," is not *res judicata* as to any question which may arise in subsequent elections, the only matter thereby adjudicated being that such person's name should not appear on the ballot as a candidate in that particular election.

2. APPEAL AND ERROR—*moot questions not reviewable.* An appeal from an order of the circuit court refusing to dissolve a mandatory injunction issued without notice on a taxpayer's bill, requiring the election commissioners of Chicago to leave off the printed ballots for an election to be held on a specified date, the name of a person who had filed a written withdrawal of his name with such election commissioners prior to the election, will be dismissed without consideration of the questions raised, where no judgment which could be rendered by the Appellate Court could be performed owing to the lapse of time.

Appeal by defendants from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1923. Appeal dismissed. Opinion filed May 9, 1923.

FRANCIS X. BUSCH, for appellants; ELMER M. LEESMAN, of counsel.

LYLE, HARROLD, HOOVER & DEVITT, for appellee; GEORGE M. BAGBY, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On February 14, 1923, complainant, as a taxpayer, filed his bill on behalf of himself and all other taxpayers of Chicago alleging that he was a citizen, resident and legally qualified voter of the 17th Ward of Chicago, and had filed his petition with the city clerk as a candidate for alderman of that ward at the election to be held February 27, 1923; that one Charles J. O'Connell, also a resident of the ward, had filed his petition as candidate for alderman at the same election; that O'Connell had reconsidered his intention to be a candidate for alderman and "prior to the time within which by law a candidate is allowed to withdraw his name" filed his withdrawal in writing with the election commissioners of Chicago, and that the commissioners, Robert W. McKinlay, Anthony Czarnecki and Harry A. Lipsky, had ordered the printers to print the ballots for the election including the name

Lyle v. McKinlay, 229 Ill. App. 349.

of O'Connell as a candidate for alderman; that the printing of his name on the ballots would cause additional expense to the taxpayer. The prayer of the bill was that the election commissioners "be forever restrained and enjoined and directed by the mandatory injunction of this court" to cause and direct that O'Connell's name be left off the printed ballots.

Upon the filing of the bill an order was entered without notice enjoining the election commissioners as prayed for. Afterwards a motion was made by the commissioners to dissolve the injunction. This matter was heard on the verified bill and affidavits submitted by both complainant and defendants, and on February 20 the motion to dissolve the injunction was denied and this appeal followed.

The transcript of the record was filed in this court March 16, 1923. The brief and argument of the defendants, the election commissioners, was filed March 23, and the brief and argument of the complainant was filed April 5. The reply brief of the defendants was filed April 10. The election commissioners in their brief and argument contend that the order appealed from should be reversed for a number of reasons which they state, and discuss the case on its merits. They also observe that the matter before us is not a moot question, and in support of this cite the case of *People v. Clark,* 296 Ill. 50, and other cases. Complainant in his brief and argument discusses the questions involved on their merits, but makes no mention of the suggestion made by the election commissioners that the question before us is not a moot question.

The position of the commissioners is that unless the order appealed from is reversed, the order entered by the chancellor enjoining the commissioners will be *res judicata* as to all subsequent aldermanic elections covering the question of the time within which an aldermanic candidate may withdraw his name, as pro-

vided in paragraph 305, p. 518, ch. 24, Cahill's Rev. St. In support of this it is argued that in the instant case the bill is brought by a taxpayer who represents all of the taxpayers of Chicago; that the defendants are the election commissioners and are made defendants in their official capacity, and under the rule announced in the *Clark* case, the order issuing the injunction will be *res judicata*. In the *Clark* case an application for judgment and order of sale was made by the People on the relation of the county collector on account of the failure of the defendants to pay supplemental tax levied for street cleaning and other purposes. The court overruled the objections except as to one item of tax, and judgment and order of sale was entered. An appeal was taken to the Supreme Court. That court refused to discuss the merits of the objection because it held that a decree entered in the superior court of Cook county was *res judicata* of all questions raised by the objection. In that case a taxpayer filed a bill in the superior court of Cook county on behalf of himself and all other taxpayers seeking to enjoin the extension of the same taxes as were involved in the proceedings in the county court and for the same reason, and after a hearing the chancellor dismissed the bill for want of equity, from which no appeal was perfected. The superior court held the taxes were valid and entered a decree dismissing the bill. It is obvious that these same questions could not again be litigated in the county court.

In the instant case, the only matter adjudicated was that O'Connell's name should not appear on the ballot as a candidate for alderman at the election to be held February 27, 1923. It is obvious that this decision is not *res judicata* of any question which may arise in subsequent elections.

It is the duty of this court, as well as other judicial tribunals, to decide actual controversies by a judgment which may be carried into effect, and not to give

opinions upon moot questions or abstract propositions which cannot affect the matter in issue in the case before us. *People v. Cannon*, 146 Ill. App. 255; *Gormley v. Day*, 114 Ill. 185; *Mills v. Green*, 159 U. S. 651.

In the *Cannon* case on March 26, 1908, an order granting a peremptory writ of mandamus was entered commanding the election commissioners of Chicago to submit to the electors at the election to be held April 7, 1908, the question: "Shall all places where liquor is sold or given away in this city on Sunday be closed on said day?" From this order an appeal was taken by the commissioners to the Supreme Court. That court on October 26, 1908, for want of jurisdiction, transferred the case to this court. This court refused to pass on the question for the reason that it would have no practical effect.

In the instant case, if we should determine that the chancellor should have dissolved the temporary injunction, as the election commissioners here contend, and enter a judgment accordingly, it could not be carried into effect. The result of such a judgment entered by us would be that the election commissioners be not enjoined from printing O'Connell's name on the ballot for the election which was held February 27, 1923. It is obvious that if such judgment was entered here it would be an idle ceremony.

It is unfortunate that the law in this State is such that the question in the instant case cannot be determined by this court, because under the statute the matter cannot reach us in time for a decision on the merits, but this matter may be readily remedied by application to the legislature.

The appeal will be dismissed, neither party to recover costs.

*Appeal dismissed.*

THOMSON, P. J., and TAYLOR, J., concur.