(No. 21725.—

THE PEOPLE *ex rel.* Henry F. Lawrence, Appellee, *vs.* THE VILLAGE OF OAK PARK *et al.* Appellants.

*Opinion filed April 21, 1934.*

FREDERICK W. PRINGLE, and ODE L. RANKIN, (H. L. FEARING, of counsel,) for appellants.

CORNELIUS J. HARRINGTON, and JOHN F. TYRRELL, for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The relator, Henry F. Lawrence, appellee herein, who was a candidate for clerk of the municipal court of Oak Park, filed his petition for *mandamus* in the superior court of Cook county against the village of Oak Park, the clerk, the president and the members of the board of trustees of that village, to compel the village and its officers to hold an election on November 8, 1932, to fill the offices of clerk and judge of the municipal court, to print upon the official ballots the names of the relator and other candidates who had filed their nominating petitions, and to distribute such official ballots as provided by statute. To the petition the defendants filed the general issue and several special pleas. One of the special pleas charged that the act under which the municipal court was organized was in contravention of section 1 of article 6, repugnant to section 29 of article 6, and violated section 22 of article 4 of the constitution of this State. To the special pleas a general and special demurrer was interposed. This demurrer was never disposed of, but a stipulation was made between the parties by which it was agreed that all informalities in and technical objections to the pleadings which might be taken by the parties were waived, and that the cause might be considered upon its merits as they appear from the pleadings and testimony both upon the trial in the superior court and upon any appeal or writ of error which might be prosecuted from the judgment of the su-

perior court, to the same extent as though said matters had been well pleaded. Upon the trial of the cause the superior court awarded the writ as prayed. From that judgment this appeal is prosecuted.

The municipal court of Oak Park was established under an act of the legislature passed in 1929, entitled, "An act in relation to municipal courts in cities and villages." (Smith's Stat. 1933, chap. 37, secs. 1-51, pars. 442-504, pp. 979-990; Cahill's Stat. 1933, chap. 37, secs. 1-51, pars. 476-538, pp. 963-974.) The board of trustees passed an ordinance providing for a municipal court in compliance with the act of 1929, which ordinance was adopted by a vote of the people of the village of Oak Park at an election held pursuant to the terms of such ordinance. Subsequently, on June 15, 1932, the board of trustees of the village passed an ordinance providing for the calling and the holding of an election for a judge and clerk of the municipal court at the municipal election to be held in April, 1933.

The appellee contends that the election should have been held at the general election on November 8, 1932, while the appellants contend that such election for the purpose of filling the offices of clerk and judge of the municipal court was a special election, and that the calling and giving of notice of such alleged special election had not been given as required by statute, and that, therefore, no special election could be legally held on November 8.

It is obvious that the date of the election at which the appellee sought to be voted for as a candidate for clerk of such municipal court has passed. If the writ should issue it could not recall time that has become history nor re-create November 8, 1932. The purpose for which the writ was originally sought could not possibly be attained now nor in the future by the awarding of the writ. The writ of *mandamus* is an extraordinary writ. It is granted only when a clear right to the writ is shown. Where its purpose cannot be accomplished it will be denied. (*Jones*

v. *Clark*, 355 Ill. 527; *People* v. *Sweitzer*, 339 id. 28; *People* v. *Sweitzer*, 329 id. 380.) Where by the passing of time or the happening of some other cause the circumstances have so changed that the writ will be of no practical benefit to the petitioner the court will refuse the writ. (*Gormley* v. *Day*, 114 Ill. 185.) It is obvious that in this case if the writ were awarded no real benefit could accrue to the relator, and for all practical purposes the defendants could not comply with the writ since the date of the election at which the relator sought to be a candidate has passed. The purpose for which the writ was sought has failed, and there remains no reason for deciding the case on its merits, and the appeal should be dismissed. *Cutcamp* v. *Utt*, 61 Iowa, 156; *Gormley* v. *Day, supra.*

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare premises or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment but will dismiss the appeal." *Mills* v. *Green*, 159 U. S. 651, 40 L. ed. 293.

The practical issues in this case by the immutability of time have vanished. Only moot questions remain. The issues that once existed are no longer alive. They are now mere abstract issues. In that situation non-existent issues will not be decided merely for the purpose of setting a precedent or adjudicating the costs. *Jones* v. *Clark, supra; Gormley* v. *Day, supra; Mills* v. *Green, supra; Wick* v. *Chicago Telephone Co.* 277 Ill. 338.

The appeal is dismissed. *Appeal dismissed.*