(No. 23752.—

THE NATIONAL JOCKEY CLUB, Appellant, *vs.* THE ILLINOIS RACING COMMISSION *et al.* Appellees.

*Opinion filed December 10, 1936.*

MARKMAN, DONOVON & SULLIVAN, (HENRY O. NICKEL, of counsel,) for appellant.

OTTO KERNER, Attorney General, (WILLIAM C. CLAUSEN, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The Illinois Racing Commission allotted racing dates for the 1936 racing season to six applicants in the territory known as the "Chicago district." The National Jockey Club instituted *certiorari* proceedings in the superior court of Cook county to review the action of the commission. After a hearing that court quashed the writ, and the Jockey Club has appealed to this court.

Appellant requested twenty-seven racing dates between October 1 and October 31, 1936. The commission allocated the first ten days requested by appellant to the track at Lincoln Fields. The remainder of the month of October was allotted to appellant. Other allotments not here material were made to the other applicants. Appellant filed with the commission objections to the schedule of dates. Upon hearings by the commission the objections were overruled and the schedule confirmed.

The purpose of appellant is to compel a re-allotment of dates for the racing season of 1936. It claims that the commission exceeded its statutory jurisdiction, proceeded illegally, arbitrarily refused to allot to appellant the dates requested, in violation of the statute and appellant's constitutional rights, and that section 4 of the Racing act, fixing license fees on the basis of population, is an arbitrary and discriminatory classification, in violation of the State and Federal constitutions.

It is obvious that the time for racing dates allotted by the commission and the additional dates requested by appellant has expired. Relief respecting any of those dates is not now possible. As to that issue the question has become moot. The rule is, that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved it will dismiss the appeal or writ or error and will not review the cause merely to decide moot questions. The duty of judicial tribunals is limited to determining rights of persons or of property actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to render an opinion on a question of law that opinion may have weight as a precedent for future decisions, but the court has no power to decide moot questions, or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. *People* v. *Vil-*

*lage of Oak Park,* 356 Ill. 154; *Tuttle* v. *Gunderson,* 341 id. 36; *People* v. *Sweitzer,* 329 id. 380.

Inasmuch as a decision of the constitutional questions raised by appellant could afford it no relief in the instant case it is unnecessary to consider them. *Bohnert* v. *Ben Hur Life Ass'n,* 362 Ill. 403; *People* v. *Adams,* 351 id. 79.

The issue as to the racing dates requested and those assigned having become moot the appeal is dismissed.

*Appeal dismissed.*