89 Ill. App.2d 60 (1967)
232 N.E.2d 229
Walter J. Sokolowski, Plaintiff-Appellant,
v.
Board of Election Commissioners of the City of Chicago and Theodore Kwasniewski, Defendants-Appellees.
Gen. No. 52,511.
Illinois Appellate Court  First District, Fourth Division.
November 16, 1967.
Rehearing denied December 12, 1967.
Edward L. Stepnowski, of Chicago, for appellant.
Stanley T. Kusper, Jr., of Chicago, for appellees.
MR. JUSTICE McCORMICK delivered the opinion of the court.
On October 10, 1967, the Board of Election Commissioners of the City of Chicago and Theodore Kwasniewski (hereafter referred to as defendants) filed a motion in this court to dismiss the appeal. The suit was originally brought on February 3, 1967, in the Circuit Court of Cook County. Walter J. Sokolowski (hereafter referred to as plaintiff) filed a complaint for mandamus in which he alleged he had filed petitions for nominations for the *61 office of alderman of the 32nd ward of the City of Chicago, and that subsequently an objector's petition was filed by Theodore Kwasniewski.
Plaintiff further alleges that on January 19, 1967, the Board of Election Commissioners conducted a hearing, and on January 20 entered a rule sustaining the objector's petition; that the hearing was improperly conducted and the decision by the electoral board was improperly entered; and he prays that a writ of mandamus may be issued by the court requiring the defendant Board of Commissioners to certify the name of the plaintiff as a candidate for the office of alderman of the 32nd ward of Chicago at the election to be held on February 28, 1967. The defendants filed an answer to the complaint.
[1] This court is entitled to and does take judicial notice that the election for alderman was held on February 28, 1967. People ex rel. Furlong v. Board of Election Com'rs of City of Chicago, 404 Ill. 326, 88 NE2d 864. In People ex rel. Chancellor v. Sweitzer, 329 Ill. 380, 160 NE 747, the Circuit Court sustained demurrers to an application for a writ of mandamus to compel the county clerk to print the names of petitioners as candidates for judges on the ballot for an election to be held on June 6, 1927, and entered judgment for respondents. An appeal was taken from that decision and the court, in an opinion filed on February 24, 1928, said:
"The election has been held. A reversal of the judgments could result in no advantage to the petitioners and would subserve no useful purpose. They no longer have an existing cause of action. If they ever had the right to have the ballots printed in accordance with their demand they have no such right now. The writ of mandamus will not issue to compel the doing of a useless act or one which would prove unavailing, fruitless or nugatory. [Citing *62 cases.] The court will not decide questions that no longer exist merely to make a precedent or settle a question of costs. [Citing cases.]"
In People ex rel. Lawrence v. Village of Oak Park, 356 Ill. 154, 190 NE 286, the court said, at 156:
"It is obvious that the date of the election at which the appellee sought to be voted for as a candidate for clerk of such municipal court has passed. If the writ should issue it could not recall time that has become history nor recreate November 8, 1932. The purpose for which the writ was originally sought could not possibly be attained now nor in the future by the awarding of the writ. The writ of mandamus is an extraordinary writ. It is granted only when a clear right to the writ is shown. Where its purpose cannot be accomplished it will be denied. (Jones v. Clark, 355 Ill. 527; People v. Sweitzer, 339 id. 28; People v. Sweitzer, 329 id. 380.) Where by the passing of time or the happening of some other cause the circumstances have so changed that the writ will be of no practical benefit to the petitioner the court will refuse the writ. (Gormley v. Day, 114 Ill. 185.) It is obvious that in this case if the writ were awarded no real benefit could accrue to the relator, and for all practical purposes the defendants could not comply with the writ since the date of the election at which the relator sought to be a candidate has passed. The purpose for which the writ was sought has failed, and there remains no reason for deciding the case on its merits, and the appeal should be dismissed. Cutcamp v. Utt, 61 Iowa 156; Gormley v. Day, supra.
"`The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment *63 which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare premises or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment but will dismiss the appeal.' Mills v. Green, 159 U.S. 651, 40 L Ed 293.
"The practical issues in this case by the immutability of time have vanished. Only moot questions remain. The issues that once existed are no longer alive. They are now mere abstract issues. In that situation non-existent issues will not be decided merely for the purpose of setting a precedent or adjudicating the costs. [Citing cases.]
"The appeal is dismissed."
[2] Under the authorities heretofore cited and quoted, the appeal in this court must be dismissed. The appeal of Sokolowski v. Board of Election Commissioners, et al., will be and is dismissed.
Appeal dismissed.
ENGLISH, P.J. and DRUCKER, J., concur.