TURK FURNITURE COMPANY, Plaintiff-Appellee, *v.* TEAMSTERS UNION LOCAL NO. 722 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Defendant-Appellant.

(No. 73-112;

Third District—June 29, 1973.

John Panegasser, of Ottawa, for appellant.

Joseph Lanuti, of Ottawa, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of La Salle County which granted the motion of the plaintiff, Turk Furniture Company, for a temporary injunction against the defendant, Teamsters Union Local No. 722. The injunction writ commanded the defendant to restrain from picketing or interfering with the plaintiff's business.

During the oral argument of counsel in the appeal of this case information was imparted to this court that the difficulties and differences which had existed between the plaintiff and defendant and which resulted in this appeal have now been resolved and that the plaintiff and defendant have entered into a contract which has the effect of eliminating the necessity of deciding the issues presented by this appeal.

■■ In view of this change of circumstances the issues presented to this court are now moot, and a determination of them would be of no substantial or practical benefit to the parties involved. The function of appellate courts is not to give opinions on merely abstract or theoretical matters but only to decide actual controversies injuriously affecting the rights of some party to the litigation, and questions or cases which have become moot or academic are not a proper subject of review. (*People ex rel. Courtney v. Botts*, 376 Ill. 476, 34 N.E.2d 403; *People ex rel. Lawrence v. Village of Oak Park*, 356 Ill. 154, 190 N.E. 286; *National Jockey Club v. Illinois Racing Comm.*, 364 Ill. 630, 5 N.E.2d 224.) An exception to this rule is where the case presented involves issues of public interest which require a determination so as to establish a precedent or guidelines for future conduct. (See *People ex rel. Lindstrand v. Emmerson*, 333 Ill. 606, 165 N.E. 217.) We do not believe that such a question is presented in the instant case and therefore it is the ruling of this court that this appeal be dismissed.

Appeal dismissed.

ALLOY, P. J., and STOUDER, J., concur.