THE PEOPLE *ex rel.* DONALD A. JOHNSON, Director of Labor of the State of Illinois, Petitioner-Appellant, *v.* JOSEPH A. DOGLIO *et al.*, Respondents-Appellees.

Third District   No. 75-435

Opinion filed November 12, 1976.

Hatcher & Stafford, of Peoria (James Hatcher, of counsel), for appellant.

Vedder, Price, Kaufman & Kammholz, of Chicago (James Franczek, of counsel), for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In August, 1975, teaching employees of Kankakee School District No. 111 were engaged in a dispute with their employer, the Board of Education of the district. More than 50% of the employees petitioned the Director of Labor to conduct a hearing in regard to the dispute pursuant to "An Act in relation to the investigation and settlement of differences between employers and their employees" (Ill. Rev. Stat. 1973, ch. 10, par. 20 *et seq.*) (hereinafter cited as the Labor Controversies Act). On September 2, 1975, a notice of a public hearing set for September 5, 1975, was served by the Department of Labor on the Kankakee Federation of Teachers Local 886 and the Board of Education of District No. 111. Thereafter an authorized representative of the Director of the Department of Labor issued and had served subpoenas duces tecum which required the production of certain documents. The respondents refused to obey said subpoenas and further did not appear at the scheduled public meeting. Thereafter in an effort to enforce the statutes which we have previously cited the petitioner filed an application for writs of attachment against the respondents.

In the petition filed with the Director of Labor wherein a public hearing was requested it was alleged that a dispute existed regarding salaries, insurance benefits and premiums.

The Circuit Court of Kankakee County entered an order granting respondents' motion to quash the petitioner's application for writs of attachment and this appeal stems from this order of the trial court.

The paramount issue presented for review is whether the decision of the Circuit Court of Kankakee County holding that the Labor Controversies Act (Ill. Rev. Stat. 1973, ch. 10, par. 20 *et seq.*) does not apply to labor disputes involving public employers and their employees is a correct decision.

Prior to oral argument of counsel in the appeal of this case the respondents filed a motion to dismiss the appeal on the grounds that there no longer exists between the parties a controversy and therefore the appeal is moot. In support of this motion the respondents attached to their pleadings an Exhibit A, being a copy of a two-year collective bargaining agreement entered into by the teachers' union and the school board on September 13, 1976. An objection to the motion to dismiss was filed by the petitioner and it was the ruling of this court to hear oral argument concerning said motion to dismiss and the objection thereto along with the oral arguments on the initial issue presented for review.

In view of this change of circumstances the issue presented to this court for review is now moot and a determination of the issue presented would be of no substantial or practical benefit to the parties involved. The function of the appellate courts is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation and questions or cases which have become moot or academic are not a proper subject of review. (*Turk Furniture Co. v. Teamsters Union Local No. 722*, 12 Ill. App. 3d 384, 299 N.E.2d 33; *People ex rel. Courtney v. Botts*, 376 Ill. 476, 34 N.E.2d 403; *People ex rel. Lawrence v. Village of Oak Park*, 356 Ill. 154, 190 N.E. 286; *National Jockey Club v. Illinois Racing Com.*, 364 Ill. 630, 5 N.E.2d 224.) See also the case of *La Salle National Bank v. City of Chicago*, 3 Ill. 2d 375, 378-79, 121 N.E.2d 486, wherein our Supreme Court stated:

> "Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation."

We are not unmindful of the exception to this rule stated which is that cases presenting issues of substantial public interest may require a determination even though such cases are moot as far as a controversy

being in existence. (See *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769; *People ex rel. Lindstrand v. Emmerson* (1929), 333 Ill. 606, 165 N.E. 217.) We are well aware of the fact that in recent years there has been considerable friction between the teachers and boards of education in some communities. The education of the children of our State is indeed a matter of public interest to the citizenry of our State; however, we deem the question as to the rights of public employees in labor disputes to properly be a matter for legislative determination. In the most recent session of our General Assembly there has been introduced at least two bills which deal directly with the issues presented in this appeal. We are not inclined to usurp the power and authority of our State legislature by attempting to legislate by judicial decree.

For the reasons set forth we are of the opinion that in the instant case it should be the ruling of this court that this appeal be dismissed.

Appeal dismissed.

ALLOY, P. J., and STENGEL, J., concur.