NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251350-U

NO. 4-25-1350

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 26, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JEFFERY TODD HENSON SR., | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| WILLIAM C. SOLE, DONALD McCLAREY, | ) | No. 25LA5 |
| Defendants-Appellees. | ) | |
| | ) | Honorable |
| | ) | Randy A. Yedinak, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: This circuit court was right to dismiss this case as moot, and because this case was frivolous, the court did not abuse its discretion by imposing sanctions on plaintiff.

¶ 2    Plaintiff, Jeffery Todd Henson Sr., was a tenant in residential premises. During the term of the lease, he got into a dispute with the landlord, William C. Sole, and sued him. The other two defendants (besides Sole) were Donald McClarey, the attorney who defended Sole in the lawsuit, and Sanken Sole Realty. (Sanken Sole Realty was subsequently removed as a defendant in Henson's amended complaint.)

¶ 3    On the authority of section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2024)), Sole and McClarey moved that the circuit court dismiss, with prejudice, the amended complaint. Not only did the court dismiss the amended complaint with prejudice, but the court also imposed sanctions on Henson pursuant to Illinois Supreme Court Rule 137 (eff.

Jan. 1, 2018) because this lawsuit was frivolous.

¶ 4 Henson appeals the dismissal and the sanctions. We affirm the circuit court's judgment.

¶ 5 I. BACKGROUND

¶ 6 In his amended complaint, which he filed on September 24, 2025, Henson alleged as follows.

¶ 7 Pursuant to a written lease, Henson rented an apartment from Sole on Clinton Street in Dwight, Illinois. The term of the lease was from September 22, 2024, to September 22, 2025.

¶ 8 On March 4, 2025, Sole wrote Henson a letter, the substance of which was this. In the lease agreement, Henson had stipulated and agreed that he had examined the premises and that they were tenantable and in good order and repair. Also, in the lease, Henson had promised to refrain from making any alterations or improvements to the premises without Sole's prior written consent. It had come to Sole's attention that, notwithstanding those provisions of the lease, Henson had made unauthorized alterations to the apartment by replacing the door lock, the thermostat, and lighting. Also, Sole noted, Henson had "caused damage by attaching a security camera to the metal siding with screws and bolting TV brackets to the walls." Consequently, Sole announced in his letter, "I have no choice but to terminate your lease immediately." He demanded that, by April 1, 2025, Henson move out of the apartment.

¶ 9 The amended complaint maintained that, under the lease, "unapproved alterations could only be remedied by deductions from the security deposit, not eviction." Henson argued to Sole, therefore, that "the eviction notice was in bad faith." Even so, Henson offered, by way of compromise, to vacate the premises by May 1, 2025, instead of April 1, 2025. McClarey rejected

that proposed compromise and demanded that Henson move out by April 1, 2025.

¶ 10     Henson then demanded to Sole and McClarey, in writing, that they rescind the eviction notice. Sole and McClarey refused to do so and "affirmed [that] eviction would be pursued."

¶ 11     Henson "ultimately vacated early," and Sole "returned the entire security deposit." According to the amended complaint, however, the actions by Sole and McClarey "caused [Henson] business interruption, emotional distress, embarrassment, and reputational harm, including prejudice in unrelated Livingston County family case 2024-CD-32." Although, after Henson filed his original complaint in this case, "Sole rescinded the eviction notice," Henson had, by then, "already sustained damages, and rescission did not cure the harm."

¶ 12     In his section 2-619 motion for dismissal and accompanying affidavit, Sole pointed out that the lease had expired, Henson vacated the apartment voluntarily before the expiration of the lease, no eviction action was ever brought against Henson, and his security deposit was refunded.

¶ 13     In his section 2-619 motion for dismissal and accompanying affidavit, McClarey stated that his only involvement in the case had been as Sole's attorney.

¶ 14     The circuit court granted the motions for dismissal because this case was moot and the amended complaint failed to state a cause of action.

¶ 15     This appeal followed.

¶ 16                              II. ANALYSIS

¶ 17     Under section 2-619, an action may be dismissed on the grounds of an affirmative matter that defeats the action. *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 24. Mootness is an affirmative matter for purposes of section 2-619. See *id.*

¶ 18    Henson contends that because there was still a live controversy in this case, the circuit court erred by dismissing the case as moot. The controversy, however, was academic, making the case moot. It is well-established that we do not decide disputes that are merely theoretical:

> "The function of the appellate courts is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation and questions or cases which have become moot or academic are not a proper subject of review." *People ex rel. Johnson v. Doglio*, 43 Ill. App. 3d 420, 421 (1976).

It is unclear why this litigation is still going on, other than for the abstract principle of the matter. Sole brought no eviction action against Henson, the lease is expired, Sole did not renew it, Henson moved out of the apartment voluntarily, and Sole paid him back his security deposit. Even though, presumably, Henson still disagrees with Sole, and Sole still disagrees with Henson, about the interpretation and legal effect of the lease, there is no actual controversy injuriously affecting Henson's rights.

¶ 19    It is true that, in his amended complaint, Henson asserts that he sustained damages. Those assertions, however, are conclusory. There are no well-pleaded facts regarding damages. The amended complaint does not explain, in a factually specific way, how the eviction notice caused Henson to suffer "business interruption" damages, "reputational harm," or prejudice in the other Livingston County case. Illinois is a fact-pleading jurisdiction (*Weiss v. Waterhouse Securities, Inc.*, 208 Ill. 2d 439, 451 (2004)), and a section 2-619 motion admits only "well-pleaded facts," not "conclusions of law and conclusory factual allegations unsupported by

allegations of specific facts *** in the complaint" (*McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 16).

¶ 20 Therefore, we conclude, *de novo*, that the circuit was correct to dismiss the amended complaint, with prejudice, pursuant to section 2-619. See *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368 (2003) ("Our review of a section 2-619 dismissal is *de novo*."). On the facts and the law, we are unable to see how this litigation is reasonably defensible. So, we find no abuse of discretion in the circuit court's imposition of sanctions pursuant to Rule 137. See *Board of Directors of Lakelands Estate Homeowner's Ass'n v. Pamnani*, 2025 IL App (3d) 240564-U, ¶ 17 ("The circuit court's decision on a Rule 137 motion for sanctions is reviewed for an abuse of discretion.").

¶ 21 III. CONCLUSION

¶ 22 For the reasons stated, we affirm the circuit court's judgment.

¶ 23 Affirmed.