## John Minwegen et al., Appellants, v. John J. Coughlin et al., Appellees.

### Gen. No. 18,405.

MANDAMUS—*where right terminated.* Where it appears from a petition for mandamus against the aldermen of a city to compel them to act upon and approve official bonds of the petitioners, that the terms of office of the petitioners have expired, the appellate court has no power to grant the relief prayed for and will dismiss the appeal *sponte sua.*

Appeal from the Superior Court of Cook county; the HON. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Dismissed. Opinion filed June 3, 1913.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for appellants.

FRANK JOHNSTON, JR., and JOHN W. BECKWITH, for appellees; WILLIAM H. SEXTON and PHILIP J. McKENNA, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This appeal if from a judgment of the Superior

Court of Cook county sustaining demurrers to three several petitions for mandamus, dismissing the petitions and awarding costs against petitioners.

The petitions set forth that July 14, 1910, the petitioners, appellants, were, by the then mayor of Chicago, appointed members of the Board of Local Improvements of the city of Chicago for a term of two years; that following such appointment, appellants made and executed their bonds as provided by the ordinances of the city of Chicago, and the same were approved by the City Council and appellants became and were duly elected, qualified and acting members of the Board of Local Improvements of the said city; that afterwards and upon the first day of May, 1911, the Honorable Carter H. Harrison, then mayor of the city of Chicago, by communication addressed to the City Council, made a pretended removal of appellants without charges of any kind and for no reason whatever except political reasons, and appointed a successor for each of the appellants respectively, which removal and appointment was, upon the same day, concurred in by the City Council; that afterwards, each of appellants presented a communication to the City Council of the city of Chicago, setting forth that pursuant to his appointment to the office of member of the Board of Local Improvements in and for the city of Chicago, and of section 7, art. II, chap. 24 of the Cities, Villages and Towns Act of the state of Illinois, and following an alleged removal as such member of the Board of Local Improvements, they each respectively tendered his official bond as such member and requested the City Council to approve said bonds according to law and the ordinances of the city of Chicago, and averring that the bonds so tendered were good and sufficient bonds; that petitioners also prepared and filed with the city clerk of the city of Chicago oaths of office and that the bonds so tendered were referred by the City Council to the Committee on Judiciary, but that the City Coun-

cil has failed and refused to consider the sufficiency of the bonds, and have unreasonably delayed action on the same.

The petitions further set forth and charge that the purpose of the City Council in making such reference, and of the Judiciary Committee in delaying and failing to pass upon the matter, was to prevent the petitioners having the bonds approved in order to prevent them and each of them from assuming his duties as a member of the Board of Local Improvements; that the pretended removal was without cause and an arbitrary exercise of power wholly unwarranted by law.

The seventy aldermen of the city of Chicago then in office were made parties to the petitions, and a writ of mandamus was prayed directed to the said aldermen, commanding them that they act upon and approve said bonds.

The ultimate question as presented by the record is one of pleading as to whether or not the petitions were sufficient in law. This question involves the consideration of preliminary questions involving more or less doubt and difficulty.

It appears from the petitions that the terms of office for which petitioners were appointed expired on the first Monday of July, 1912. It is, therefore, clear that if this court should reverse and remand the cause, the trial court could not issue a mandamus to the City Council of the city of Chicago, requiring it to consider the approval of the official bonds as prayed by the petitions, the terms for which the petitioners were appointed and for which the official bonds were tendered having expired by lapse of time. Appellants have no right now to have the City Council act upon the bonds so tendered. That right, if any they had, expired on the first Monday of July, 1912. The court, therefore, has no power to grant the relief prayed for in the premises, and it would serve no useful purpose for this court to consider and determine the questions involved

in this appeal inasmuch as they have become mere abstractions as applied to this case. *State v. Porter,* 58 Iowa 19; *Cutcomp, v. Utt,* 60 Iowa 156; *Chicago, R. I. & P. Ry. Co. v. Dey,* 76 Iowa 278. Under such circumstances it is our duty to dismiss the appeal *sponte sua.*

"It is a well recognized principle that courts, in exercising their jurisdiction in mandamus, will not award the peremptory writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which, by reason of some change of circumstances since the commencement of the suit, can be of no substantial or practical benefit to the petitioner." *Gormley v. Day,* 114 Ill. 185; *Cristman v. Peck,* 90 Ill. 150; *People v. Rose,* 81 Ill. App. 387; *Board of Education v. Bolton,* 85 Ill. App. 92.

The court, therefore, of its own motion, dismisses the appeal.

*Appeal dismissed.*