The People of the State of Illinois ex rel. John A. Morris and A. E. Parr, Appellee, v. John Pettow, Appellant.

## Gen. No. 7,671.

APPEAL AND ERROR—*dismissal where only moot questions involved.* Appeal from a judgment upon an information in the nature of quo warranto ousting a school board director on the ground of invalid appointment under Cahill's St. ch. 122, ¶ 97 (5), will be dismissed where the director's successor had qualified before the Appellate Court could reach the case so that no question involving actual rights was left for decision.

Appeal by defendant from the Circuit Court of Peoria county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the December term, 1925. Appeal dismissed. Opinion filed December 31, 1926.

CAMERON & ANDERSON and GEORGE W. HUNT, for appellant.

HENRY E. PRATT, for appellee; McGRATH, STONE & DAILY, of counsel.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

The State's attorney of Peoria county filed an information in the nature of a quo warranto in the circuit court of Peoria county, in the name of the People of the State of Illinois on the relation of John A. Morris and A. E. Parr, against appellant, John Pettow, to require him to show by what authority he held the office of member of the Board of Education of Community High School District No. 201, Peoria County, Illinois. Appellant filed a plea of justification, a demurrer was sustained to the plea, appellant elected to stand by his plea, judgment of ouster was entered, and an appeal was prosecuted to the Supreme Court, but the case was transferred to this court.

The plea alleged that the school district was organized as provided by law; that it was managed and operated under the General School Law [Cahill's St. ch. 122] by officers elected by the legal voters, and in certain cases, where vacancies arose, by officers or members of said board appointed to fill vacancies until the next regular election; that the board was composed of five members as provided by section 89f of the School Law [Cahill's St. ch. 122, ¶ 97 (5) ]; that after the election in April, 1925, the members were E. D. Varnes, E. S. Glasgow, Ed Kesler, John A. Morris and Grafton Blair; that at a meeting held April

23, 1925, Varnes was elected president and Morris was elected secretary; that on May 19, 1925, Kesler resigned and A. E. Parr was appointed in his place; that on April 20, 1925, Blair resigned; that at a special meeting held September 12, 1925, the four remaining members of the board were present, and Glasgow nominated appellant, Pettow, as successor to Blair; that the motion was put by the president, Glasgow voted ''aye,'' whereupon Varnes vacated the chair and appointed Glasgow chairman, and Varnes, as a member of the board, voted ''aye,'' after which Varnes returned to the chair and Morris and Parr voted ''no.'' The president, over the protest of Morris and Parr, cast the deciding vote for appellant, Pettow, and declared him elected to fill the vacancy; that a special meeting was held on September 17, 1925, at which all of the members were present, including appellant, and the minutes of the meeting of September 12, 1925, were read and approved without objection. The plea alleged that Pettow is qualified under the statute to act as a member of said board, and has acted, and is now acting; that each and every provision of the statute, mandatory as well as directory, relative to his appointment, has been complied with, and that the appointment was, in all respects, legally made, and appellant is entitled to hold the office; that he now holds said office by warrant of said appointment, is a member of said board, and has not usurped the office as by said information is supposed.

Counsel for appellee have notified this court that since this appeal was prosecuted, and while pending the determination thereof, that the term of office of appellant has expired, his successor has been elected and qualified; that no question in the case remains to be determined, and that the appeal should be dismissed. Counsel for appellant have also notified this court that these facts are true, except that they insist that the

questions involved are of such public importance that they should be decided, and that the appeal should not be dismissed.

The article on appeals, 4 Corpus Juris, p. 578, § 2386, states that where, on an appeal in a proceeding involving the right to an office, it appears that the term of office has expired, the appeal will be dismissed.

In *State of Tennessee v. Condon,* 189 U. S. 64, 47 L. Ed. 709, a chancery proceeding involving the right to an office was dismissed on appeal, because the term of office had expired.

In *Kimball v. Kimball,* 174 U. S. 158, 43 L. Ed. 932, on a petition, by one claiming to be the widow of the deceased, to set aside letters of administration granted on a petition representing that the deceased died unmarried, where, after the proceeding in the trial court, a will was found appointing an executor, the court dismissed a writ of error on the grounds that the writ presented a moot question, since the petitioner could not obtain letters of administration on account of the existence of the will.

In *Wick v. Chicago Tel. Co.,* 277 Ill. 338, the court said: "The existence of an actual controversy is an essential requisite to an appellate jurisdiction, and a reviewing court will dismiss an appeal or writ of error where facts are disclosed which show that such a controversy does not exist, even though such facts do not appear in the record. It is a general rule that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved it will dismiss the appeal or writ of error. * * * When there is no real present question involving actual interests and rights for a reviewing court to consider, the court should not be compelled to review a cause merely for the purpose of determining who ought to pay the cost of the suit." To the same effect are *Donahoe v. Owens,* 277 Ill. 318; *People v. Burke,* 274 Ill. 55; *Gormley v. Day,* 114 Ill. 185; *Lyle*

*v. McKinlay,* 229 Ill. App. 349; *Minwegen v. Coughlin,* 181 Ill. App. 354; *People v. Stevens,* 152 Ill. App. 118; *People ex rel. Koelling v. Cannon,* 146 Ill. App. 255.

This case does not involve questions of such public importance that there should be a determination upon the merits, and under the authorities cited the appeal will be dismissed.

*Appeal dismissed.*