(No. 45546.—

THE PEOPLE *ex rel.* EDWARD V. HANRAHAN, State's Attorney, Appellee, v. THOMAS P. BECK, Appellant.

*Opinion filed June 4, 1973.—Rehearing denied Sept. 27, 1973.*

RYAN, J., dissenting.

THOMAS R. MULROY and MICHAEL F. DUHL, both of Chicago (HOPKINS, SUTTER, OWEN, MULROY & DAVIS, of counsel), for appellant.

BERNARD CAREY, State's Attorney, of Chicago (PAUL P. BIEBEL, JR., Assistant State's Attorney, of counsel), for the People.

LOUIS ANCEL and STEWART H. DIAMOND, both of Chicago (ANCEL, GLINK, DIAMOND & MURPHY, of counsel), for *amici curiae* League of Women Voters of Cook County and League of Women Voters of Illinois.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This direct appeal by leave of court (50 Ill.2d R. 302(b)) is taken from a judgment of the circuit court of Cook County holding unconstitutional an ordinance (72–0–54) adopted by the Cook County Board of Commissioners.

The ordinance in question created a new office of Cook County Comptroller and provided that this office was to be filled by appointment by the President of the County Board with the approval of the County Board. Defendant, Thomas P. Beck, was appointed as acting comptroller.

The State's Attorney of Cook County filed a complaint for a declaratory judgment and a writ of *quo warranto* challenging the validity of the ordinance. He alleged that the action taken by the County Board was an invalid attempt to contravene the statute directing the Cook County Clerk to perform the duties and functions of ex-officio comptroller. (Ill. Rev. Stat. 1971, ch. 34, pars. 1142 through 1142.14.) The circuit court found the ordinance to be unconstitutional and enjoined the defendant from assuming the position.

The duties, powers and functions of the Cook County Comptroller under the ordinance are the same as those granted by the aforementioned statute to the Cook County Clerk as ex-officio Cook County Comptroller. Both this ordinance and the statute direct the comptroller to prepare the estimate of revenue available for appropriation in the annual Cook County budget and then require that he approve all expenditures in accordance with the budget. The ordinance specifically provided that it was intended to supersede this statute whose substantive origin may be traced to 1887. Laws of 1887, p. 153.

The primary issue is whether the Cook County Board was constitutionally vested with authority to supplant an existing statute which assigned certain functions to the Cook County Clerk. Plaintiff basically contends that the office of county clerk is a constitutional county office (Ill. Const. (1970), art. VII, sec. 4(c)) and, as such, is afforded significant protection from any attempt by the County Board which might tend to "eliminate" it; that section 6(f) of article VII of that document imposes the limitations contained in section 4 of the local government article upon a home-rule county's attempt to transfer said functions; and, that section 4(d) of article VII provides that the County Board may not eliminate but only supplement those statutorily delegated duties. Conversely, defendant argues that a home-rule county, such as Cook County, acting pursuant to section 6(a) of article VII of the 1970

constitution may transfer functions pertaining to its government and affairs from one county officer to another. During oral argument of this cause the League of Women Voters of Cook County and Illinois were granted leave to file a brief *amicus curiae* which supports the position taken by defendant.

Section 6 of article VII of the 1970 constitution provides in pertinent part as follows:

"(a) A County which has a chief executive officer elected by the electors of the county and any municipality which has a population of more than 25,000 are home rule units. Other municipalities may elect by referendum to become home rule units. Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt.

* * *

(f) *** A home rule county shall have the power to provide for its officers, their manner of selection and terms of office in the manner set forth in Section 4 of this Article."

The provisions of section 4 of article VII necessary for consideration of this cause, state:

"(c) Each county shall elect a sheriff, county clerk and treasurer and may elect or appoint a coroner, recorder, assessor, auditor and such other officers as provided by law or by county ordinance. Except as changed pursuant to this Section, elected county officers shall be elected for terms of four years at general elections as provided by law. Any office may be created or eliminated and the terms of office and manner of selection changed by county-wide referendum. Offices other than sheriff, county clerk and treasurer may be eliminated and the terms of office and manner of selection changed by law. Offices other than sheriff, county clerk, treasurer, coroner, recorder, assessor and auditor may be eliminated and the terms of office and manner of selection changed by county ordinance.

> (d) County officers shall have those duties, powers and functions provided by law and those provided by county ordinance. County officers shall have the duties, powers or functions derived from common law or historical precedent unless altered by law or county ordinance."

Section 4(c) of article VII permits a county to appoint certain officers by county ordinance. The action of the County Board in creating the office of comptroller was a proper exercise of the powers granted under section 4(c), and plaintiff does not specifically dispute this. The question, however, is whether duties given to said office may supersede those granted by the legislature to another county officer.

Section 6(a) of article VII allows a home-rule county to "exercise any power and perform any function pertaining to its government and affairs." In *Kanellos v. County of Cook, 53 Ill. 2d 161,* we held that a home-rule county may adopt an ordinance pursuant to its home-rule power and thereby supersede a statute antedating the present constitution. In so doing we observed, at page 166, "The concept of home rule adopted under the provisions of the 1970 constitution was designed to drastically alter the relationship which previously existed between local and State government. Formerly, the actions of local governmental units were limited to those powers which were expressly authorized, implied or essential in carrying out the legislature's grant of authority. Under the home-rule provisions of the 1970 constitution, however, the power of the General Assembly to limit the actions of home-rule units has been circumscribed and home-rule units have been constitutionally delegated greater autonomy in the determination of their government and affairs. To accomplish this independence the constitution conferred substantial powers upon home-rule units subject only to those restrictions imposed or authorized therein." We hold that the Cook County Board, acting pursuant to its home-rule power found in section 6(a), has authority to transfer

powers, duties and functions among county officers even to the extent that such exercise conflicts with a statute enacted prior to the adoption of the 1970 constitution unless otherwise limited by legislative action (see generally *City of Evanston v. County of Cook, 53 Ill.2d 312, 319; Kanellos v. County of Cook, 53 Ill.2d 161, 166*) or a positive constitutional restriction.

Since the adoption of the 1970 constitution, there has been no legislative enactment which would limit the power of the County Board exercised in this case. Section 6(f) of article VII, however, provides that a home-rule county is subject to the provisions of section 4 of that article as it pertains to provision for its officers, their selection method and term of office. Section 4(d) authorizes the legislature and county to prescribe the duties, functions and powers of county officers.

After consideration of the pertinent constitutional provisions, we believe that the home-rule philosophy, as enunciated in *Kanellos,* is applicable, thereby permitting a home-rule county to validly transfer the powers, duties and functions of county officers who are subject to the provisions of section 4 of article VII. We further believe that to accept plaintiff's position might frustrate the implicit intent of section 4(c) of article VII, which permits the creation of other offices to deal with the myriad complex problems of local government because of the possibility that certain functions of such offices might duplicate duties previously delegated to others.

In so holding we are not unmindful of section 4(c), which proscribes the elimination of the office of county clerk by methods other than county-wide referendum. But this case is not one in which "elimination" of an office or any major step in that direction is involved, and we express no opinion as to the validity of transfer of duties which substantially emasculate county offices eliminable only by referendum. The County Board action here does not approach that result. The powers of the Cook County

Clerk, which the County Board sought to transfer, were not derived from common law or constitutionally delegated to that office. The comptroller function was given specifically to the Cook County Clerk as a supplemental function of that office and was not assigned to other county clerks. Moreover, an examination of present statutes demonstrates that the office of Cook County Clerk retains substantially the same functions of all other county clerks in this State.

For these reasons the judgment of the circuit court of Cook County is reversed and the cause remanded to that court with directions to dismiss the complaint.

*Reversed and remanded, with directions.*

MR. JUSTICE RYAN, dissenting:

I cannot agree with the opinion of the court. The opinion sets forth the provisions of the 1970 constitution which must be considered in this case. Section 4(c) of article VII requires that each county elect a county clerk and provides that the office may be eliminated only by a county-wide referendum. Section 4(d) of article VII pertains to the duties of county officers and provides: "County officers *shall* have those duties, powers and functions provided by law *and* those provided by county ordinance. County officers shall have the duties, powers or functions derived from common law or historical precedent unless altered by law or county ordinance." (Emphasis added.) I interpret this section to mean that if the duties, powers and functions of the county officer are those derived from statutory authority they cannot be taken away or altered by county ordinance, but the county may by ordinance give to the county officer additional duties, powers and functions. On the other hand, if the duties, powers or functions of the county officer are derived not from statutory authority but from common law or historical precedent, then such duties,

powers or functions may be altered by either an act of the General Assembly or by a county ordinance.

The duties of which the county clerk of Cook County is divested by the county ordinance in question are statutory in origin and as the majority opinion indicates have been part of the statutory duties of that office since 1887. Section 9 of the transition schedule of the 1970 constitution provides: "All laws *** not contrary to, or inconsistent with, the provisions of this Constitution shall remain in force, until they shall expire by their own limitation or shall be altered or repealed pursuant to this Constitution." The opinion of the court does not find that the statutory duties of the county clerk which are here in question are contrary to or inconsistent with the provisions of the constitution and I find them not to be. Therefore, the statute conferring the duties, powers and functions upon the county clerk of Cook County remains in effect until repealed by the General Assembly.

The opinion of the court relies on our decision in *Kanellos v. County of Cook, 53 Ill.2d 161,* as authority for the proposition that a home-rule county may adopt an ordinance pursuant to its home-rule authority and thereby "supersede a statute antedating the present constitution." *Kanellos* has no application to this case because we there specifically found that the provisions of the statute which we held to have been superseded were inconsistent with the provisions of the constitution of 1970 and thus were not preserved by section 9 of the transition schedule. (53 Ill.2d at 166-167.) The opinion of the court makes no such finding with regard to the statute conferring the functions in question on the county clerk of Cook County.

I agree that the 1970 constitution conferred substantially greater autonomy upon home-rule units than units of local government had previously enjoyed under the 1870 constitution. However, the exercise of the home-rule powers cannot be contrary to the other provisions of the constitution. Section 4(d) provides that the county of-

ficers *shall* have the duties, powers and functions provided by law. In my opinion, the law conferring these duties, powers and functions upon county officers remains in effect until repealed by the General Assembly unless it has not been preserved by the provisions of section 9 of the transition schedule. Since the constitution provides that the county officers shall have these powers, duties and functions, the officers cannot be divested of them by a county ordinance.

For these reasons, I would hold that the county ordinance of Cook County is invalid.