LIQUOR CONTROL COMMISSION, Plaintiff-Appellant, *v.* THE CITY OF CALUMET CITY *et al.*, Defendants-Appellees.

(No. 60761;

First District (4th Division)—April 23, 1975.

Thomas J. Murphy, of Chicago, for appellant.

Thomas R. Bobak, of Calumet City, and Ancel, Glink, Diamond & Murphy, of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an action for declaratory judgment and injunctive relief. The Illinois Liquor Control Commission (hereinafter plaintiff) seeks to declare unconstitutional certain ordinances passed by the City of Calumet City and the City of Berwyn (hereinafter defendants) which limit the sale and consumption of alcoholic beverages to persons of at least 21 years of age. Following a hearing, an order was entered by the Honorable Donald J. O'Brien which granted the motions for summary judgment filed on behalf of the defendants. Plaintiff appeals from that order.

The following issues are dispositive of this appeal:

1. Whether the power to establish the minimum age at which

persons may purchase or consume alcoholic beverages is within the "government and affairs" of a home-rule unit;

2. Whether the terms of the Illinois constitution of 1970 or the enactments of the state legislature have preempted the power of home-rule units to establish a minimum drinking age; and,

3. Whether the establishment of a minimum age for the sale and consumption of alcoholic liquors at 21 is unreasonable or discriminatory.

The facts are undisputed. On October 1, 1973, Illinois House Bill No. 200 (Public Law 78—26) became effective. It provides that 19 and 20 year olds may lawfully purchase and consume beer and wine.[1] Under the prior State law, the sale, gift and delivery of all alcoholic beverages, including beer and wine, to persons under 21 years of age were prohibited. Ill. Rev. Stat. 1971, ch. 43, §§ 131, 134a, 183.

Defendants passed ordinances, pursuant to their authority as home-rule units in October 1973 which in effect adopted the age limitation that had been applicable under the prior State law. The City of Calumet City adopted an ordinance which prohibited the sale or delivery of alcoholic beverages, including beer and wine, to persons 19 and 20 years old and further prohibits the holder of a retail liquor license from allowing any person under 21 years of age from remaining upon premises which are licensed to sell alcoholic beverages at retail. The ordinance adopted by the City of Berwyn prohibits the holder of a retail liquor license from selling, giving or delivering alcoholic beverages, including wine and beer, to persons 19 and 20 years old and prohibits persons 19 and 20 years old from purchasing alcoholic beverages from any retail liquor dealer.

The reasons the State law was modified by defendant Calumet City are set forth in a lengthy preamble to the ordinance in question, a portion of which states:

"* * * WHEREAS, the corporate authorities of the City of Calumet City believe that the public health, safety, morals and welfare of the residents of the City and those persons who enter

---

[1] Ill. Rev. Stat. 1973, ch. 43:

Section 12 of article VI of the liquor control act (par. 131) prohibits the sale, gift or delivery of alcoholic liquor to persons under the age of 21 years or, in the case of beer and wine, under the age of 19 years;

Section 13a of article VI of the liquor control act (par. 134a) forbids the consumption of alcoholic liquor by any person under 21 years of age, except that a person at least 19 years of age may consume beer and wine;

Section 1 of article X of the liquor control act (par. 183) establishes a misdemeanor for any person who, for the purpose of buying, accepting or receiving alcoholic liquors or beer and wine, misrepresents that he has attained the minimum age.

the territorial jurisdiction of the City would not be served by a lowering of the permissible age at which persons. may purchase, receive or consume alcoholic beverages; and,

WHEREAS, the lowering of the legal age for the purchase and consumption of beer and wine would create substantial new problems of police enforcement; and,

WHEREAS, the City of Calumet City is located adjacent to the Illinois-Indiana border and the State of Indiana possesses a liquor law which establishes 21 as the uniform age for the purchase and consumption of intoxicating beverages; and,

WHEREAS, if the City of Calumet City adopted the newly diminished state standard it would receive a large influx of out of state residents desirous of taking advantage of lower drinking age; and,

WHEREAS, it is the public policy of the City of Calumet City to have a uniform minimum drinking age and that the corporate authorities believe that such minimum drinking age should be 21 years; * * *."

Defendant City of Berwyn likewise indicated in its preamble a belief that allowing persons 19 and 20 years old to purchase wine and beer "would be deleterious to the health, safety and welfare of our community and cause disturbances among our citizens."

Plaintiff brought this action, seeking a declaration that the foregoing municipal ordinances were unconstitutional. The defendants filed motions for summary judgment which were granted by the trial court. Thereupon, plaintiff appealed.

The first issue argued by the plaintiff is that the State has primary and exclusive power to regulate all aspects of the liquor industry, including the establishment of a uniform minimum drinking age. Conversely, the defendants urge that the power to establish the minimum age at which persons may purchase or consume alcoholic beverages is within the "government and affairs" of a home-rule unit.

We agree with the defendants. The 1970 Illinois Constitution grants to home-rule units the authority to regulate local police powers. Section 6(a) of article VII provides in pertinent part:

"Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate *for the protection of the public health, safety, morals and welfare;* * * *." (Emphasis supplied.)

Section 6(m) of article VII states:

"Powers and functions of home rule units shall be construed liberally."

There is a long-established tradition in this State that municipalities have broad discretion with respect to the control of alcoholic beverages. This tradition has legislative as well as judicial support. Except where specifically limited by statute, municipalities were allowed to determine for themselves the number, kind and classification of liquor licenses to be issued, and the amount of the local license fees to be paid for the various kinds of licenses. (Ill. Rev. Stat. 1971, ch. 43, § 110.) The hours of operation of establishments selling liquor, Sunday sales, and the complete prohibition of the sale of intoxicating liquor were left primarily at the local level. (Ill. Rev. Stat. 1971, ch. 43, §§ 129, 166 *et seq.*) The statute also provided that the mayor or president of the local governmental unit shall be the local liquor control commissioner. Ill. Rev. Stat. 1971, ch. 43, § 111.

●▮ Our courts have consistently held that the regulation of alcoholic beverages is within the purview of the police powers, being intimately related to the public health, safety, comfort and welfare. In *Daley v. Berzanskis* (1971), 47 Ill.2d 395, 269 N.E.2d 716, the defendant challenged the revocation of his liquor license after a hearing before the local liquor control commission during which evidence seized in a warrantless search was admitted. The Illinois Supreme Court affirmed, stating at page 398:

"The Court, in *People ex rel. Fitzgerald v. Harrison,* 256 Ill. 102, noted: 'The business of selling liquor is attended with danger to the community and is a recognized subject for regulation by the police power of the State. There is no inherent right to carry it on and it may be entirely prohibited. The manner and extent of its regulation, if permitted to be carried on at all, are to be determined by the State, so as to limit, as far as possible, the evils arising from it.' (256 Ill. at 106.) Because the business of selling liquor is closely related to certain evils in society, it is subject to any regulation which has any substantial relation to the *public health, comfort, safety or welfare."* (Emphasis supplied.)

Under the 1970 constitution, the power to regulate for the protection of the public health, safety, morals and welfare is granted to home-rule units.

The Third District Appellate Court of Illinois, in the recent case of *Illinois Liquor Control Com. v. City of Joliet,* No. 74—97, March Term, 1975, arrived at the same result that we have reached. The trial court granted defendant's motion for summary judgment that the ordinance of

the city establishing a uniform drinking age of 21 years of age was lawful. The judgment was affirmed, the court concluding that the regulation of alcoholic liquors was within the government and affairs of a home-rule community and that there had been no state preemption of that power.

The result we have reached is not inconsistent with cases from other jurisdictions with similar home-rule provisions. In *City of Lafayette v. Elias* (1957), 232 La. 700, 95 So.2d 281, the city passed an ordinance, in reliance upon its home-rule charter, which forbade the sale of low alcohol beer to persons under the age of 21, although the statute of the State of Louisiana prohibited the sale of such beer to all persons under the age of 18 years. The city was concerned about the effect of the lowered State drinking age upon the students attending Southwestern Louisiana Institute, a college within the boundaries of the community. The court held the municipal ordinance valid in spite of the less stringent provisions of State law. It found that the ordinance was a regulation appropriate to the necessities of the locality and not in itself unreasonable. The court then stated at page 284:

> "In view of the provisions of the charter of the City of Lafayette hereinafore discussed, reason dictates and justice demands this finding in the instant case and under these circumstances, in order that the public health, morals, safety, peace, and good order of the students at Southwestern Louisiana Institute and of the City of Lafayette shall be insured."

See also *Bodkin v. State* (Neb. 1937), 272 N.W. 547.

■■ Thus, we find that there has been a long tradition in this State of local regulation of alcoholic beverages where not specifically preempted by the State. Our supreme court, in *Daley v. Berzanskis* (1971), 47 Ill.2d 395, 269 N.E.2d 716, recognized that the regulation of alcoholic beverages is intimately related to the public health, comfort, safety or welfare. Article VII of the 1970 constitution (section 6(a)) includes the protection of the public health, safety, morals and welfare among the government and affairs that home-rule units may regulate. Therefore, we hold that the ordinances adopted by these defendants were valid exercises of their authority as home-rule units.

We disagree with the plaintiff's contention that the defendants must yield to the higher authority of the State with respect to the establishment of the minimum drinking age. The cases relied upon by plaintiff were decided prior to the passage of the 1970 constitution. Since the new constitution went into effect on July 1, 1971, our supreme court has recognized the principle that a home-rule unit may, with respect to those functions allowed to it, supercede the effect of a State statute.

In *Kanellos v. County of Cook* (1972), 53 Ill.2d 161, 290 N.E.2d 240, the county adopted a resolution providing for the issuance of $10 million in general obligation bonds without prior referendum approval of the voters of Cook County. The plaintiff contended that Cook County could not sell bonds without voter approval since the State statute (Ill. Rev. Stat. 1969, ch. 34, § 306) required a referendum for the issuance of bonds. The court found the exercise of home-rule powers superior to the mandate of the State statute. In a landmark opinion, Mr. Justice Kluczynski stated at page 166:

> "The concept of home rule adopted under the provisions of the 1970 constitution was designed to drastically alter the relationship which previously existed between local and State government. Formerly, the actions of local governmental units were limited to those powers which were expressly authorized, implied or essential in carrying the legislature's grant of authority. Under the home-rule provisions of the 1970 constitution, however, the power of the General Assembly to limit the actions of home-rule units has been circumscribed and home-rule units have been constitutionally delegated greater autonomy in the determination of their government and affairs. To accomplish this independence the constitution conferred substantial powers upon home-rule units subject only to those restrictions imposed or authorized therein."

The holding and philosophy of the *Kanellos* case was reiterated by the supreme court in the case of *People ex rel. Hanrahan v. Beck* (1973), 54 Ill.2d 561, 301 N.E.2d 281, where the Cook County Board, pursuant to its home-rule powers, adopted an ordinance creating a new office of Cook County comptroller. The State's attorney of Cook County filed a complaint for declaratory judgment and a writ of quo warranto, alleging that the action taken by the county board was an invalid attempt to contravene the statute directing the Cook County clerk to perform the duties and functions of ex-officio comptroller. The court held that a home-rule county, acting pursuant to its home-rule power granted in section 6(a) of the 1970 Illinois constitution, has authority to transfer powers, duties and functions among county officers, even to the extent that such exercise conflicts with a statute enacted prior to the adoption of the 1970 constitution, unless otherwise limited by legislative action of a positive constitutional restriction.

Under the principles set forth in *Kanellos* and *Beck,* we think it is clear that the ordinances in question are not superceded by the State statute in the absence of a constitutional or statutory restriction. We have found no such restriction. Therefore, notwithstanding the State statute, we find that these home-rule units have the authority, under section 6(a)

of the Illinois constitution, to regulate as a part of their government and affairs the minimum age at which alcoholic beverages may be sold and consumed within their boundaries.

Secondly, plaintiff contends that, even if the determination of the minimum drinking age is within the home-rule powers, the State pre-empted this authority when it amended sections 12 and 13a of article VI and section 1 of article X (Ill. Rev. Stat. 1973, ch. 43, pars. 131, 134a, 183). As support for this contention, plaintiff relies upon section 6(h) of article VII of the 1970 constitution as the applicable preempting pro-vision. That section provides:

> "(h) The General Assembly may provide specifically by law for the exclusive exercise by the State of any power or function of a home rule unit other than a taxing power or a power or func-tion specified in subsection (1) of this Section."

██ It is clear from an examination of the applicable State statute that the General Assembly has not specifically provided that the State shall have exclusive authority to regulate the minimum age at which persons may purchase or consume alcoholic beverages. The statutory amend-ments are silent as to any intention to limit or deny home-rule units powers in this area. Thus, we must conclude that the State did not choose to preempt the field in the manner provided in section 6(h) of article VII of the constitution.

Plaintiff further urges that the legislature manifested an intent to exer-cise its preemptive powers by imposing a statewide standard of age in an area of such general importance to the State that it is regulated by an agency with statewide jurisdiction. However, we do not find such an implied preemption of home rule under the facts of this case.

Section 6(i) of article VII provides:

> "Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive."

Here, the General Assembly has neither specifically limited a concurrent exercise of its authority nor specifically declared its exercise to be ex-clusive. We find no legislative proscription which would prevent the concurrent exercise of authority in the area of establishing minimum drinking ages. Thus, we must reject plaintiff's argument that the imposi-tion of a statewide standard coupled with regulation by a statewide agency effectively preempts the field.

Moreover, our Supreme Court has had occasion to consider an implied preemption of home rule, based upon section 6(g) of article VII of the

1970 constitution, in *Rozner v. Korshak* 1973, 55 Ill.2d 430, 303 N.E.2d 389. The court was asked to determine the validity of the wheel-tax ordinance of the city of Chicago as amended in 1972. After concluding that the city had the power to pass such a tax under the home-rule provision, the court then examined whether or not the legislature had preempted the power, stating at pages 434-35:

> "It is the contention of the plaintiff, however, that the preexisting legislative limitations were reinstated by an amendment * * * which was approved by the vote of three fifths of the members of each house, and became a law after the effective date of the constitution of 1970.
>
>       \*     \*     \*
>
> While section 6( g) of article VII authorizes the General Assembly, by a law approved by three fifths of the members of each house, to deny or limit the power of a home-rule unit, it does not follow that every statute relating to the powers of municipalities generally will, if adopted by a three-fifths vote, have a bearing upon the powers of those municipalities which are home-rule units. The powers which those units have received under section 6 of article VII of the constitution of 1970 are in addition to the powers heretofore or hereafter granted to the General Assembly to other municipalities. *The kind of inadvertent restriction of the authority of home-rule units for which the plaintiff contends can be avoided if statutes that are intended to limit or deny home-rule powers contain an express statement to that effect. The statute before us contains no indication of a restrictive purpose, and we hold that it had no restrictive effect.*" (Emphasis supplied.)

In view of the foregoing, we hold that the power of a home-rule unit to establish a minimum drinking age to be effective within its geographical boundaries has not been preempted by the State. Neither the 1970 Illinois constitution nor the statutory amendments passed by the legislature specifically limit the concurrent exercise of this power or provide that the State has exclusive authority in this area. We also do not find an adequate basis for such preemption in plaintiff's arguments pertaining to an implied preemption by the State.

Finally, plaintiff contends that the ordinances passed by the defendants are violative of the civil rights of persons 19 and 20 years old to drink beer and wine. It argues that such citizens are deprived of the constitutional guarantees of due process and equal protection of the laws inasmuch as 19 and 20 year olds within the State generally may lawfully purchase and consume beer and wine while 19 and 20 year olds within the defendants' geographical boundaries may not.

■■ There is no allegation by plaintiff that the ordinances in question were passed in a way that does not comply with all applicable procedural rules. Thus, in examining plaintiff's constitutional challenge, the standard of review to be applied has been stated thusly:

"Neither the constitutional requirement of equal protection of the law nor that of due process proscribes a classification between groups differently situated, so long as a reasonable basis for the distinction exists. *Morey v. Doud* (1957), 354 U.S. 457, 1 L.Ed.2d 1485, 77 S.Ct. 1344." *People v. Johnson* (1958), 15 Ill.2d 244, 251, 154 N.E.2d 274.

After carefully examining the ordinances involved in this controversy, we find no merit to plaintiff's contention that they are unreasonable and arbitrary. We note that, for many years, the State itself supported the wisdom and enforced the validity of a minimum drinking age of 21 years. This limitation is still applied to alcoholic beverages other than beer and wine. The home-rule units here have merely adopted the same age criteria that the State has employed for decades.

■■ Moreover, the preambles to the ordinances reflect a rational basis for their enactment. The City of Calumet City has indicated that its purpose is to avoid new problems of police enforcement and to prevent the influx of out of state residents desiring to take advantage of the lower drinking age. The City of Berwyn likewise indicated a desire to avoid disturbances among its citizens as its rationale for adopting the more stringent age limitation of 21 years for all alcoholic beverages, including beer and wine. In our opinion, both ordinances are reasonably related to a legitimate purpose and, thus, their enforcement does not violate equal protection of the laws.

In view of the foregoing, we hold that the authority to establish the minimum age at which persons may purchase or consume alcoholic beverages is within the "government and affairs" of a home-rule unit; this authority has not been preempted by the State; and the age limitation adopted by the home-rule units is neither unreasonable nor discriminatory. Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and BURMAN, J., concur.