THE CITY OF ROCHELLE, Plaintiff-Appellant, *v.* FRANK GONZALEZ, Defendant-Appellee.

Second District   No. 75-524

Opinion filed June 16, 1977.

Bruce D. Wellman, of Mt. Morris, for appellant.

No brief filed for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Following a bench trial the defendant, Frank Gonzalez, was found not guilty of selling alcoholic liquor at retail without a license in violation of an ordinance of the city of Rochelle. The city appeals.

The city's only contention on appeal is that the trial judge's decision was against the manifest weight of the evidence. The defendant has not filed a brief.

We find that the record before us supports the finding of not guilty, and affirm the decision of the trial court.

The city's evidence at trial consisted of the testimony of Jeseano S. Faz who stated that he saw the defendant and the defendant's wife with a third person whom he could not identify; that the wife was giving some change and that the defendant gave a third man a 6-pack of beer. He also testified that Mr. and Mrs. Gonzalez were given some money but he couldn't tell how much as he couldn't see it. Officer Keith Haggestad of the Rochelle Police Department testified that upon arrest the defendant denied selling the beer and stated in effect that "People come up that cannot afford a six-pack of beer and my wife and I give it to them along with food." Defendant stated that he did not charge for the beer but he did take $1.50 to $2 for the beer. The city clerk testified that no liquor license had ever been issued to the defendant.

The defendant presented two witnesses on his behalf, both of whom testified that the defendant had given them beer and had not charged them for it.

The ordinance in question provides that:

> "No person, within the corporate limits of the city, shall offer for sale at retail or sell at retail alcoholic liquor without first having obtained a license or permit to do so as provided in this chapter." (Rochelle Municipal Code, ch. 4, par. 4—18.)

The trial judge found that the city had failed to sustain its burden of proof by a preponderance of the evidence and found the defendant not guilty

of the ordinance violation; he was careful to point out that he was not requiring the city to prove that the defendant operated a business, and that he was aware that a private individual could be engaged in selling at retail.

The city advances the proposition that a sale at retail is made whenever a transaction is completed in consideration for money. In its brief the city cites definitions of the word "retail" from Webster's Seventh New Collegiate Dictionary (1970), and from Black's Law Dictionary (3d ed. 1933). A more pertinent definition for our purposes however is found in the Liquor Control Act where it provides that:

> " 'Sell at retail' and 'sale at retail' refer to and mean sales for use or consumption and not for resale in any form." Ill. Rev. Stat. 1975, ch. 43, par. 95.18.

While under some definitions the term "sale at retail" may include a transfer for valuable construction, it is clear that proof of a sale at retail does not stop there. For example, here, there was no showing that the beer was consumed or used by the unidentified man, or that he did not in turn sell it to another.

We agree with the decision reached by the trial judge not to extend the ordinance to encompass the conduct of this defendant. Accepting the city's position here would be tantamount to extending the ordinance to include situations where a private individual provides a beer or other alcoholic beverage for a thirsty guest, expecting nothing more than thanks in return and who is surprised when the guest insists on chipping in for the beverage; this would represent an unwarranted extension of the ordinance. The purpose behind liquor control laws is intimately related to the public health, safety and welfare. (*Liquor Control Com. v. City of Calumet City* (1975), 28 Ill. App. 3d 279, 328 N.E.2d 153; *Liquor Control Com. v. City of Joliet* (1975), 26 Ill. App. 3d 27, 324 N.E.2d 453.) That purpose, however, will not be served by making a sale at retail of alcoholic liquor out of an exchange between a generous host and a grateful guest.

Affirmed.

GUILD and NASH, JJ., concur.