# Illinois Official Reports

## Appellate Court

---

### *Fazekas v. City of DeKalb*, 2021 IL App (2d) 200692

---

| | |
|---|---|
| Appellate Court Caption | LYNN FAZEKAS, Individually and as City Clerk for the City of DeKalb, Plaintiff-Appellant, v. THE CITY OF DeKALB, Defendant-Appellee. |
| District & No. | Second District<br>No. 2-20-0692 |
| Filed | September 29, 2021 |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 19-MR-280; the Hon. Bradley J. Waller, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | C. Nicholas Cronauer and Bradley D. Melzer, of Cronauer Law, LLP, of Sycamore, for appellant.<br><br>Matthew D. Rose, of Donahue & Rose, P.C., of Rosemont, for appellee. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.<br>Justices McLaren and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff, Lynn Fazekas, individually and as city clerk for the City of De Kalb, appeals the section 2-615 (735 ILCS 5/2-615 (West 2018)) dismissal with prejudice of her second amended complaint to declare an ordinance of defendant, the City of De Kalb (City), unconstitutional. We affirm.

¶ 2                                          I. BACKGROUND

¶ 3        The City is a home rule municipality with a managerial form of government. On August 13, 2018, plaintiff was appointed as city clerk, with her term to expire on May 10, 2021. According to plaintiff's second amended complaint, when she was appointed as city clerk, the City of De Kalb Municipal Code (City Code) provided for the elected office of city clerk and prescribed the city clerk's duties. Plaintiff alleged that the City Code further provided that the city clerk could appoint one or more deputy clerks.

¶ 4        On October 14, 2019, the City enacted Ordinance No. 2019-059 (the ordinance) (City of De Kalb Ordinance No. 2019-059 (adopted Oct. 14, 2019)). According to plaintiff's second amended complaint, the ordinance amended the City Code to reflect that (1) the city clerk was a part-time ministerial position and (2) it was in the public interest that the City provide full time clerical assistance to its inhabitants. To that end, the ordinance created the office of executive assistant, to be appointed by the city manager. The ordinance retained the office of city clerk but provided that the duties of the executive assistant duplicate those of the city clerk. The ordinance also removed the provision for the city clerk's appointment of deputy clerks. Plaintiff further alleged that the City had in the past failed in its attempts to eliminate the office of city clerk. Plaintiff alleged that her former deputy, Ruth Scott, was appointed as executive assistant by the city manager.

¶ 5        On October 15, 2019, plaintiff filed a one-count complaint against the City for declaratory judgment and permanent injunctive relief. Plaintiff alleged that the ordinance facially violated section 6(f) of article VII of the Illinois Constitution (Ill. Const. 1970, art. VII, § 6(f)), in that it altered the City's form of government without submitting the question to a referendum. Section 6(f) provides in pertinent part that "[a] home rule unit shall have the power subject to approval by referendum to adopt, alter or repeal a form of government provided by law." Ill. Const. 1970, art. VII, § 6(f). We will refer to this provision as the "form of government" clause.

¶ 6        On October 17, 2019, plaintiff filed an emergency motion for a temporary restraining order (TRO) against the City. On October 21, 2019, plaintiff filed a one-count first amended complaint. In substance, the first amended complaint was identical to the original complaint and sought identical relief, although plaintiff named additional defendants. That same day, the court held a nonevidentiary hearing on the TRO. The court denied the TRO, finding that plaintiff failed to establish irreparable harm. The court also gave the City leave to file a motion to dismiss the first amended complaint. Plaintiff then voluntarily dismissed all defendants except the City.

¶ 7        On November 19, 2019, the City filed a section 2-615 motion to dismiss the first amended complaint. In granting the City's motion, the court found that the ordinance did not alter the managerial form of government because that form of government does not include the city clerk. The court granted plaintiff leave to file a second amended complaint alleging the

ordinance's unconstitutionality under the "officers" clause of section 6(f) of article VII of the Illinois Constitution. That clause provides that a home rule municipality "shall have the power to provide for its officers, their manner of selection and terms of office only as approved by referendum or as otherwise authorized by law." Ill. Const. 1970, art. VII, § 6(f).

¶ 8    On May 7, 2020, plaintiff filed her second amended complaint, naming only the City as a defendant. Plaintiff alleged that the ordinance violates the officers clause. Plaintiff alleged that the ordinance "effectively emasculates" the office of city clerk by transferring the city clerk's powers, duties, and functions to the executive assistant and by failing to provide for the appointment of deputy clerks. Count II (there is no count I)[1] was brought in plaintiff's capacity as city clerk and sought to declare the ordinance unconstitutional, sought to declare the creation of the office of executive assistant unlawful, and requested permanent injunctive relief. Count III, which purported to be brought by plaintiff in her capacity as city clerk but also alleged that she was bringing it individually, sought the same relief as count II. Counts IV and V were brought in plaintiff's individual capacity and were labeled as "as applied" challenges, but those counts pleaded a facial challenge and requested the same relief as the preceding counts. Plaintiff also alleged, scattered throughout the second amended complaint, that (1) she is a registered voter who participated in the 2016 election; (2) she is an "elector" within the meaning of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/1-1-2(3) (West 2018)); (3) as a member of the electorate, she was deprived of the right to "approve or reject the [City's] emasculation and elimination" of the office of city clerk; and (4) the City's application of the ordinance is unconstitutional as applied to plaintiff "as an individual and as a member of the electorate." The trial court liberally construed these disparate allegations as pleading that the ordinance violated the right of suffrage.

¶ 9    On May 7, 2020, the City moved to dismiss the second amended complaint pursuant to section 2-615 on the ground that the ordinance neither "eliminates the office of City Clerk nor transfers the City Clerk's duties, powers, and functions." The City argued that it was within its statutory and home rule powers to prescribe that an appointed officer performs duplicate duties previously delegated only to the city clerk. On October 21, 2020, the court granted the motion to dismiss with prejudice. In its oral ruling, the court found that each count of the second amended complaint presented a facial challenge under the officers clause. The court rejected that challenge, finding that the creation of the executive assistant office was authorized by law. The court also found that the ordinance did not frustrate or prevent the electorate, including plaintiff, from voting for city clerk. Plaintiff timely appealed.

¶ 10                                    II. ANALYSIS

¶ 11    The City moves to dismiss this appeal as moot, as plaintiff's term of office has expired and a new city clerk has been elected. A case on appeal is normally considered moot where the " 'issues raised below no longer exist because events subsequent to the filing of the appeal make it impossible for the reviewing court to grant the complaining party effectual relief.' " *Goodman v. Ward*, 241 Ill. 2d 398, 404 (2011) (quoting *Hossfeld v. Illinois State Board of Elections*, 238 Ill. 2d 418, 423-24 (2010)).

---

[1]The sole count in the first amended complaint was styled as "Count I." Then, plaintiff began her second amended complaint with "Count II." However, the second amended complaint neither repleads nor incorporates the allegations of the first amended complaint.

¶ 12        The City relies on three cases: *Davis v. City of Country Club Hills*, 2013 IL App (1st) 123634, *People ex rel. Morris v. Pettow*, 243 Ill. App. 142 (1926), and *Jackson v. Board of Election Commissioners*, 2012 IL 111928. *Davis* involved a referendum reducing the number of aldermen in the city. *Davis*, 2013 IL App (1st) 123634, ¶ 1. After the plaintiffs, some of whom were sitting aldermen, filed their appeal, an election was held at which five aldermen were elected and the results of the election were certified. *Davis*, 2013 IL App (1st) 123634, ¶ 8. The appellate court held that the appeal was moot and that the public interest exception did not apply. *Davis*, 2013 IL App (1st) 123634, ¶ 13. *Pettow* involved the propriety of the defendant's appointment to a school board. *Pettow*, 243 Ill. App. at 143-44. While the appeal was pending, the defendant's term of office expired and his successor was elected. *Pettow*, 243 Ill. App. at 144. The appellate court held that the appeal was moot and that the public interest exception did not apply. *Pettow*, 243 Ill. App. at 144-45. In *Jackson*, the issue was whether Carmelita Earls, a candidate for city council, was disqualified because she and her husband owed back property taxes. *Jackson*, 2012 IL 111928, ¶¶ 1-3. While the appeal was pending, the election was held and someone else was elected to the post that Earls sought. *Jackson*, 2012 IL 111928, ¶ 28. Our supreme court held that "[i]t is well established under Illinois law that the conclusion of an election cycle normally moots an election contest." *Jackson*, 2012 IL 111928, ¶ 36. Each of those cases involved the right to hold office, which became moot when an intervening election was held. Here, the question is not plaintiff's right to hold office, but whether the ordinance, giving the newly created office of executive assistant the same duties as the city clerk, is constitutional.

¶ 13        Even if this appeal were moot, we agree with plaintiff that the public interest exception to mootness would apply. See *Bocanegra v. City of Chicago Electoral Board*, 2011 IL App (1st) 110424, ¶¶ 7, 20-21 (public interest exception to mootness applied to appeal involving constitutionality of ordinance changing qualifications for candidates seeking elected municipal office). That exception allows a court to reach the merits of a case where (1) the question presented is of a public nature, (2) an authoritative resolution of the question is desirable to guide public officers, and (3) the question is likely to recur. *Bocanegra*, 2011 IL App (1st) 110424, ¶ 7. Here, the question is of a public nature because plaintiff alleges that the ordinance eliminates the office of city clerk without submitting the question to a referendum. An authoritative resolution of the question is desirable to guide public officers because, under the ordinance, the executive assistant has the same duties as the city clerk. The question is likely to recur because the provisions of the ordinance will continue to be employed by the City. See *Wirtz v. Quinn*, 2011 IL 111903, ¶ 103 (there was a likelihood that the question of the expenditure of public funds in connection with the Capital Projects Act would recur where the provisions challenged by the plaintiffs continued to be employed by the legislature in enacting budget legislation).

¶ 14        Turning to the merits, we must first determine which issues are properly before us. Plaintiff contends that the court erred in dismissing both her first and second amended complaints. Her first amended complaint consisted of one count alleging a violation of the form of government clause. After that complaint was dismissed, she filed the second amended complaint alleging a totally different theory, that being a violation of the officers clause. She neither repleaded nor incorporated the allegations of the first amended complaint into the second amended complaint.

¶ 15    Under *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154 (1983), plaintiff has waived[2] objection to the order dismissing the form-of-government-clause claim. See *Cwikla v. Sheir*, 345 Ill. App. 3d 23, 27-28 (2003) (appellate court *sua sponte* held that, pursuant to the *Foxcroft* rule, the plaintiffs waived their breach-of-contract claim where they failed to reallege it in an amended pleading). Our supreme court has consistently held that " '[a] party who files an amended pleading waives any objection to the trial court's ruling on the former complaints.' " *Bonhomme v. St. James*, 2012 IL 112393, ¶ 17 (quoting *Foxcroft*, 96 Ill. 2d at 153-54). " '[W]here an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' " (Internal quotation marks omitted.) *Bonhomme*, 2012 IL 112393, ¶ 17 (quoting *Foxcroft*, 96 Ill. 2d at 154).

¶ 16    Our supreme court has explained that there are significant policy reasons underlying the *Foxcroft* rule. *Bonhomme*, 2012 IL 112393, ¶ 28. Chief among them is the " 'efficient and orderly administration of justice.' " *Bonhomme*, 2012 IL 112393, ¶ 28 (quoting *Foxcroft*, 96 Ill. 2d at 154). Trial courts expect that a cause will be tried on the claims set forth in the final amended complaint so that they do not have to speculate as to which legal theories or claims a party intends to bring at trial. *Bonhomme*, 2012 IL 112393, ¶ 28. To that end, trial courts expect that an amended complaint that does not incorporate earlier allegations abandons them. *Bonhomme*, 2012 IL 112393, ¶ 28. Also, permitting a plaintiff to proceed to trial on different issues contained in separate complaints would disadvantage defendants. *Bonhomme*, 2012 IL 112393, ¶ 28.

¶ 17    The *Foxcroft* rule applies to theories of recovery as well as to factual allegations. *Cwikla*, 345 Ill. App. 3d at 28. A party has three avenues for avoiding waiver and preserving dismissed claims for appellate review: (1) stand on the dismissed counts, voluntarily dismiss any remaining counts, and argue the matter before the reviewing court; (2) file an amended pleading that realleges, incorporates by reference, or refers to the dismissed counts; or (3) perfect an appeal from the dismissal order prior to filing an amended pleading. *Gaylor v. Campion, Curran, Rausch, Gummerson & Dunlop, P.C.*, 2012 IL App (2d) 110718, ¶ 36. Here, plaintiff pursued none of the avenues for preservation. Accordingly, we hold that her objection to the dismissal of the first amended complaint is waived. Consequently, we will consider only the order dismissing the second amended complaint.

¶ 18    A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects that are apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). We accept as true all well-pleaded facts and all reasonable inferences that can be drawn from those facts. *Marshall*, 222 Ill. 2d at 429. We construe the allegations of the complaint in the light most favorable to the plaintiff. *Marshall*, 222 Ill. 2d at 429. Unless it is clearly apparent that no set of facts can be proved entitling the plaintiff to recovery, a cause of action should not be dismissed. *Marshall*, 222 Ill. 2d at 429. We review *de novo* an order granting or denying a section 2-615 motion to dismiss. *Marshall*, 222 Ill. 2d at 429. Also, the

[2]We use "waiver," rather than "forfeiture," advisedly. In *Gaylor v. Campion, Curran, Rausch, Gummerson & Dunlop, P.C.*, 2012 IL App (2d) 110718, ¶ 34 n.1, we distinguished the terms but noted that, because our supreme court has used "waiver" in its *Foxcroft* line of cases, we will abide by its choice.

constitutionality of a statute presents a question of law, which we review *de novo*. *In re D.W.*, 214 Ill. 2d 289, 309 (2005).

¶ 19 Before we reach plaintiff's contentions, we briefly set forth the constitutional and statutory framework necessary to understand this appeal. Article VII, section 6(a), of the Illinois Constitution provides as follows:

"Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. 1970, art. VII, § 6(a).

¶ 20 Section 6(a), which is liberally construed, gives home rule units the "broadest powers possible." *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 30. However, the officers clause of section 6(f) is a limitation on home rule authority:

"A home rule municipality shall have the power to provide for its officers, their manner of selection and terms of office only as approved by referendum or as otherwise authorized by law." Ill. Const. 1970, art. VII, § 6(f).

¶ 21 Pursuant to section 3.1-15-5 of the Municipal Code (65 ILCS 5/3.1-15-5 (West 2018)), the office of municipal clerk is an elected position. Section 3.1-35-90 of the Municipal Code (65 ILCS 5/3.1-35-90 (West 2018)) prescribes the municipal clerk's duties: (1) keep the corporate seal and all papers of the municipality that are not given to other officers, (2) attend meetings of the corporate authorities and keep records of those meetings, and (3) such other duties as prescribed by the corporate authorities. Changes in the manner of selecting officers of a home rule municipality or their terms are reserved to the electorate by article VII, section 6(f), of the Illinois Constitution and can be made effective "only by referendum unless otherwise authorized by legislative enactment." *Leck v. Michaelson*, 111 Ill. 2d 523, 528 (1986). Section 3.1-30-5(a) of the Municipal Code provides that the mayor, by and with the city council's consent, may appoint specifically enumerated officers and "other officers necessary to carry into effect the powers conferred upon municipalities." 65 ILCS 5/3.1-30-5(a) (West 2018).

¶ 22 Pursuant to the ordinance, the city clerk's duties include, but are not limited to, the following: (1) taking and preparing minutes of city council proceedings; (2) faithfully recording the results of resolutions, ordinances, and other actions approved by the city council; (3) overseeing the review, approval, and release of all executive session minutes; (4) keeping office hours open for the transaction of City business; (5) keeping one of the City's corporate seals; (6) affixing the City's corporate seal to documents; (7) receiving and tracking legal notices sent to the City; (8) administering oaths; and (9) overseeing the election process.

¶ 23 Pursuant to the ordinance, the executive assistant's duties include, but are not limited to, keeping one of the corporate seals and performing all duties of the city clerk "to the same extent as if done by the City Clerk personally in the City Clerk's absence."

¶ 24 The court found that each count of plaintiff's second amended complaint presents a facial challenge to the constitutionality of the ordinance. Plaintiff does not quarrel with that finding. A facial challenge to a statute's constitutionality is the most difficult one to mount successfully because a statute is facially invalid only if "no set of circumstances exists under which it would be valid." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305-06 (2008). A successful facial challenge voids the entire statute in all its applications. *Napleton*, 229 Ill. 2d at 306.

¶ 25 In construing the validity of a municipal ordinance, we apply the same rules governing the construction of statutes. *Berrios v. Cook County Board of Commissioners*, 2018 IL App (1st) 180654, ¶ 25. Statutes are presumed constitutional. *Berrios*, 2018 IL App (1st) 180654, ¶ 25. The party challenging the validity of a statute has the burden of rebutting that presumption by clearly demonstrating a constitutional violation. *Berrios*, 2018 IL App (1st) 180654, ¶ 25. We have a duty to uphold the constitutionality of a statute when reasonably possible. *Berrios*, 2018 IL App (1st) 180654, ¶ 25.

¶ 26                                          A. The Officers Clause

¶ 27 The officers clause in section 6(f) of article VII of the Illinois Constitution provides: "A home rule municipality shall have the power to provide for its officers, their manner of selection and terms of office only as approved by referendum *or as otherwise authorized by law*." (Emphasis added.) Ill. Const. 1970, art. VII, § 6(f). The parties agree that the city clerk falls within the officers clause. Plaintiff contends that the ordinance "emasculates" the office of city clerk without a referendum by transferring the duties and powers of that office to the newly created office of executive assistant. The plain language of the ordinance retained the elected office of city clerk and provided a nonexclusive list of the clerk's duties. Consequently, the ordinance changed neither the manner of selection of the city clerk nor the clerk's term of office. Plaintiff's argument, that the city clerk's duties were transferred to the executive assistant, is also not supported by the plain language of the ordinance. Plaintiff's theory, which is unsupported by any authority, is that those duties legally can be exercised only by the city clerk.

¶ 28 The City argues that, even if the ordinance transferred the city clerk's duties to the executive assistant, it had the authority to do so. The City relies on *People ex rel. Hanrahan v. Beck*, 54 Ill. 2d 561 (1973). In *Hanrahan*, the court upheld a Cook County ordinance transferring duties formerly allocated to the county clerk to the newly created office of county comptroller. *Hanrahan*, 54 Ill. 2d at 562-66. The court held that home rule authority permitted such a transfer. *Hanrahan*, 54 Ill. 2d at 566. The court noted that the transfer did not "eliminate" the office of county clerk. *Hanrahan*, 54 Ill. 2d at 566.

¶ 29 However, the court expressed "no opinion as to the validity of transfer of duties which substantially emasculate county offices eliminable only by referendum." *Hanrahan*, 54 Ill. 2d at 566. Plaintiff argues that the instant case presents the question that "the court in *Hanrahan* did not need to decide," namely, "when is a city's substantial overreach *** tantamount to a *de facto* [*sic*] elimination of that officer." Contrary to plaintiff's contention, the ordinance did not either explicitly or effectively eliminate the position of city clerk.

¶ 30 Further, the trial court found, and we agree, that the City had the authority, pursuant to section 3.1-30-5(a) of the Municipal Code, to create the office of executive assistant. That section provides that the mayor, by and with the city council's consent, may appoint specifically enumerated officers and "other officers necessary to carry into effect the powers conferred upon municipalities." 65 ILCS 5/3.1-30-5(a) (West 2018).

¶ 31 Plaintiff does not dispute the City's authority to create the office of executive assistant. Rather, plaintiff argues that the creation of that office was not necessary. The "whereas" recitals of the ordinance stated, *inter alia*, that (1) the city clerk is a part time officer (2) whose duties are "purely ministerial" and (3) have been "largely performed for many years by the full-time Executive Assistant in the City Manager's office in a timely, efficient, and effective

manner." The recitals resolved that "[i]t is in the best interests of the City's residents and businesses to provide professional clerical assistance to the general public during all regular business hours." Thus, in the City's determination, the creation of the office of executive assistant was necessary to carry out the functions of government. Reviewing courts will not interfere with a legislative judgment merely because we would reach a different conclusion or we question the wisdom of the decision. *People ex rel. Klaeren v. Village of Lisle*, 316 Ill. App. 3d 770, 785 (2000). Accordingly, we hold that Ordinance 2019-059 does not violate the officers clause of section 6(f).

¶ 32                          B. Whether Ordinance 2019-059 Violates the Right of Suffrage

¶ 33        Plaintiff contends that the ordinance's elimination of the elected office of city clerk violates the electorate's right to vote for that office. The City argues that plaintiff forfeited this argument by not including the contention in her second amended complaint. The sum total of plaintiff's pleading is as follows: (1) she is a registered voter who participated in the 2016 election, (2) she is an "elector" within the meaning of the Municipal Code, (3) as a member of the electorate, she was deprived of the right to "approve or reject the [City's] emasculation and elimination" of the office of city clerk, and (4) the City's application of the ordinance is unconstitutional as applied to plaintiff "as an individual and as a member of the electorate." When the trial court asked plaintiff's counsel if the contention was raised in the second amended complaint, counsel responded: "I don't believe it is in the pleading, Your Honor." Nevertheless, the court, *with the City's acquiescence*, addressed the issue and ruled that the right of suffrage was not impinged by the ordinance. Consequently, we decline to deem this issue forfeited.

¶ 34        Addressing the merits, we agree with the City that plaintiff could not state a cause of action because the ordinance did not eliminate the office of city clerk. See *In re Appointment of Special State's Attorney*, 2020 IL App (2d) 190845, ¶¶ 32-34 (county board chairman did not have a colorable claim that an ordinance eliminated his executive functions and powers where the ordinance neither removed him from office nor otherwise converted his office from an elected to an appointed one). Accordingly, we hold that the second amended complaint was properly dismissed with prejudice because it is clearly apparent that no set of facts can be alleged entitling the plaintiff to recovery.

¶ 35                                        III. CONCLUSION

¶ 36        For the foregoing reasons, the judgment of the circuit court of De Kalb County is affirmed.

¶ 37        Affirmed.